CHARLES C. DUNHAM, APPELLANT, v. HARRY W. JEROME ET AL., DEFENDANTS, AND EPPERSON JEROME, INTERPLEADER, RESPONDENT.
—49 S. W. (2d) 673.

Kansas City Court of Appeals. May 2, 1932.

*M. D. Aber* for appellant.

*Nick M. Bradley* and *Roy A. Jones* for respondent.

CAMPBELL, C.—Plaintiff brought suit against defendants Harry W. Jerome and Bertie L. Jerome to recover a balance alleged to be due upon a promissory note. During the pendency of the action plaintiff filed affidavit upon which writ of attachment was issued, and James M. Mohler was summoned as garnishee. On the return day of the writ Epperson Jerome filed interplea in the cause, alleging therein that money levied upon under the writ of attachment, to-wit, the sum of $320.50, was not the property of the defendants or either of them, but that said money at the time of service of the writ was his property and that the same was in the possession of the garnishee "or in the hands of the defendants;" that said money was the proceeds of sale of property of which he was the owner.

Plaintiff in his answer alleged that the interpleader permitted the property mentioned to be sold by his father, the defendant Harry W. Jerome, as though it were the property of the latter, and hence interpleader was estopped to deny that defendant was the owner thereof.

Upon trial of the interplea the jury returned a verdict that interpleader "is entitled to $290.50." Thereupon the court rendered a general judgment in favor of the interpleader and against plaintiff for the amount of the verdict. Plaintiff has appealed.

The evidence on behalf of the interpleader is that his father, defendant Harry W. Jerome, advertised a public sale of live stock and other property; that property, of which interpleader was the owner, was included in the sale and sold, some of it to him and some of it to others; that proceeds of the sale of property which belonged to him were paid to the clerk of the sale, Harry W. Mohler.

Plaintiff contends that inasmuch as the interpleader stood by and permitted property to be sold as though it belonged to his father, he was thereby estopped to claim that he was the owner thereof. The fact that interpleader permitted his father to advertise the property for sale and thereafter sell it as though the father was the owner, was a circumstance tending to show that interpleader did not own the property. The rule that where a person stands by and sees another about to commit an act infringing upon his rights and fails to assert his title or right, he will be estopped afterwards to assert it, has no application to the facts in this case. The rule stated applies to purchasers at the sale but it does not apply to an attaching creditor of defendant. Interpleader's father in making the sale, with consent of interpleader, was not infringing upon interpleader's rights. Plaintiff, as the creditor of Harry W. Jerome, did not have

greater right against Epperson Jerome than Harry W. Jerome had. It should not be said that Harry W. Jerome could, as against the interpleader, rightfully claim the proceeds of sale of property which belonged to the interpleader. The essential elements of estoppel are lacking. [Shields v. McClure, 75 Mo. App. 631, 641.]

The record does not disclose that interrogatories were exhibited to the garnishee. Section 1296, Revised Statutes 1929, provides that a garnishee shall be summoned at the return term of the writ to answer interrogatories which may be exhibited by the plaintiff. The interrogatories must be in writing and filed in the cause within the time prescribed by section 1408, Revised Statutes 1929.

Keeping in mind the fact that the only judgment which could be rendered on the verdict was for delivery to the interpleader of the property in the custody of the garnishee, it is clear that if interrogatories were not exhibited to the garnishee the garnishment was abandoned and there was no basis for an interplea. The plaintiff had the right to refrain from filing interrogatories, in which event the garnishee was not required to answer.

The judgment rendered upon the verdict is a money judgment against the plaintiff. In no event was the interpleader entitled to judgment against anyone except the garnishee. [Citizens Trust Company v. Elders, 212 Mo. App. 589, 597.]

The court was without jurisdiction to render the judgment which was rendered in the cause, and unless interrogatories were filed the court was without jurisdiction to entertain the interplea. The judgment is reversed and the cause remanded. The Commissioner so recommends. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment is reversed and the cause remanded. All concur.