No. 44,145

The Wheat State Telephone Company, Inc., and Stockholders of DeSoto Mutual Telephone Company, *Appellants*, v. The State Corporation Commission of the State of Kansas; William L. Mitchell, as Chairman; John C. Woelk, as Commissioner; Harry G. Wiles, as Commissioner, and Their Respective Successors in Office, *Appellees*.

(403 P. 2d 1019)

Opinion filed July 10, 1965.

*James M. Caplinger*, of Topeka, argued the cause and was on the briefs for the appellants.

*E. Edward Johnson*, of Topeka, General Counsel for the State Corporation Commission, argued the cause and was on the briefs for the appellees.

The opinion of the court was delivered by

Parker, C. J.: This is an appeal from an order of the district court dismissing an application for review of orders of the State Corporation Commission.

The facts are not in dispute and will be highly summarized.

The DeSoto Mutual Telephone Company filed an application with the State Corporation Commission for permission to cease its telephone operations. Subsequently the Wheat State Telephone Company and the Southwestern Bell Telephone Company each filed an application with the Commission to take over the telephone service sought to be abandoned.

The applications were consolidated for hearing. The Commission issued its order on the applications in September, 1963, and granted applications for rehearing October 3, 1963. Following the rehearing, and on April 21, 1964, the Commission issued separate orders disposing of the three applications.

The orders denying the application of the Wheat State Telephone

Company and granting the application of the Southwestern Bell Telephone Company to take over the abandoned service were mailed to the parties on May 6, 1964. The order granting the application of the DeSoto Mutual Telephone Company to cease telephone operations was mailed to the parties on May 7, 1964.

On June 10, 1964, the Wheat State Telephone Company and the stockholders of the DeSoto Mutual Telephone Company filed an application with the district court for review of the Commission's three orders last mentioned.

Thereafter the Commission filed a motion to dismiss the application for review which reads:

"The respondents respectfully move the Court for an order dismissing the above-entitled action on the ground that the court lacks jurisdiction because the application for Review herein was not timely filed pursuant to the provisions of Section 66-118c, G. S. 1949, and the Rules of Practice and Procedure of the State Corporation Commission of the State of Kansas effective on and after March 23, 1964."

The district court sustained the foregoing motion to dismiss. Thereupon the applicants for review perfected the instant appeal wherein the only issue for determination is the proper calculation of the time in which to appeal under the facts presented.

The statutes and rules of the Commission material to a determination of the sole issue involved will now be considered.

The thirty-day period within which an application for review, such as the one filed in the district court by the appellants, must be filed is established by K. S. A. 66-118c. Pertinent portions of this section of the statute read:

". . . then within thirty (30) days after the rendition of the decision on rehearing, the applicant may apply to the district court of the county in which the order of the commission is to become effective for a review of such order or decision; . . ."

Under the current rules of practice and procedure of the Commission, revised after the adoption of the new Code of Civil Procedure and effective March 23, 1964, there are two sections concerning the rules for computation and extension of time which were adopted practically word for word from the corresponding sections of the new code. These rules and the code references are as follows:

"82-1-217 . . . (a) *Computation; legal holiday defined.* In computing and period of time prescribed or allowed by these Rules or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last

day of the period so computed is to be included, unless it is a Saturday, Sunday or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday or a legal holiday. . . . When an act is to be performed within any prescribed time under any law of this state, or any rule or regulation lawfully promulgated thereunder, and the method of computing such time is not otherwise specifically provided, the method prescribed herein shall apply. [K. S. A. 60-206 (a)]

"(c) *Additional time after service by mail.* Whenever a party has the right or is required to do some act or take some proceeding within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, three (3) days shall be added to the prescribed period. [K. S. A. 60-206 (e)]"

The Commission also adopted a rule regarding service which likewise refers to a three-day period. The applicable portion of this rule is:

"82-1-216. *Service of Pleadings.* (a) *Manner of service of papers:* Notices, motions, pleadings, orders or other papers may be served personally or by mail except where the statute prescribes a specific mode of service which shall be followed. Service upon an attorney of record will be deemed to be service upon the party. Service by mail shall be deemed to be completed three days after the mailing of the notice or document to be served. (This subsection is Former Rule 82-1-8, except that Section 60-206 (c) sic [e] of the Kansas Code of Civil Procedure specified 'three days' rather than two days.)"

The Commission has also adopted a rule providing when its orders are filed and when effective. Rule 82-1-217 (d) provides:

"(d) *Orders of the Commission, when filed and when effective.* All orders made by the Commission will be filed in the office of the Commission in Topeka. Orders of the Commission shall be deemed to become effective upon service pursuant to Rule 82-1-216 (a) unless otherwise expressly provided in said order or by statute. (This subsection is Former Rule 82-1-10.)"

The parties appear to agree that May 7, 1964, should be accepted as the controlling date on which the orders were mailed by the Commission. Therefore we proceed on that premise.

All parties omit May 7 and start their calculation of time as of May 8. The district court used the same date for commencing its calculation but concluded:

"G. S. 1949, 66-118 (c) provides that within 30 days after rendition of the decision on rehearing an application for review may be filed. This would mean 30 days from the date service of the orders was deemed complete, or May 10th.

"In computing time under Section 60-206 (a) of the Code of Civil Procedure the day of the 'act, event or default' from which the designated period of time begins to run shall not be included. Thus, the date of May

10th would be excluded. The 30 days within which to apply for review expired on June 9, 1964, which was on a Tuesday and not a legal holiday. . . ."

The appellants contend that the trial court should have omitted May 7 as the day the orders were mailed and that it should also have omitted May 11, as the beginning of the thirty-day period allowed for filing an application for review. The last of the thirty days for filing the application for review would then have fallen on June 10, the day the application for review was filed.

The appellees, although not supporting the trial court's method of calculation, contend that it reached the right conclusion and that the judgment should be affirmed.

It would serve no useful purpose and merely encumber our reports to discuss in detail the various suggested methods of calculating the time allowed for filing the petition for review under the rules adopted by the Commission. That state agency has adopted the rules provided by the Code of Civil Procedure for calculating time. These rules were adopted from the Federal Rules of Civil Procedure and have a well-settled meaning.

In computing the period of time allowed the day of the act from which the designated period of time begins to run shall not be included. (Commission Rule 82-1-217 [a]; K. S. A. 60-206 [a].) May 8 is the first day to be included. When service is by mail three days shall be added to the prescribed period. (Commission Rule 82-1-217 [c]; K. S. A. 60-206 [e].) When three days are added to the thirty days prescribed for filing a petition for review we arrive at a period of thirty-three days. Calculating thirty-three days from and including May 8, we find the last of the thirty-three days falls on June 9. The rule simply means that the three additional days allowed where service has been made by mail should be added to the original period and the total taken as the period for the purpose of computation.

The application for review having been filed on June 10, 1964, it was filed too late.

We find ample support for our conclusion in cases construing similar provisions of the Federal Rules of Civil Procedure. See, e. g., *United States v. Onan,* 8 Cir., 190 F. 2d 1; *Wilson v. Shamrock Amusement Corporation,* 9 Cir., 221 F. 2d 687; *Klein v. Rancho Montana De Oro, Inc.,* 9 Cir., 263 F. 2d 764, and *In Re Estate of Iofredo,* 241 Minn. 335, 63 N. W. 2d 19. See, also, Barron and

Holtzoff, Federal Practice and Procedure, Vol. 1. § 219, pp. 801, 802.

The Commission's rule 82-1-216 (*a*) providing that "Service by mail shall be deemed to be complete three days after the mailing of the notice or document to be served" in no way conflicts with what has been said. Service by mail is considered complete upon mailing (K. S. A. 60-205 [*b*].) The Commission by its rule 82-1-216 has simply made an arbitrary extension of three days where service is by mail. Receipt by mail may take one day or may take five days for service by mail, but three days additional time is to be allowed in all cases. Nothing is to be done at the end of the three-day period. That period of time is simply to be added to the thirty days in which the party has to file a petition for review.

We find no merit in appellant's contentions.

The judgment is affirmed.