STATE ex rel. BAGNELL INVESTMENT COMPANY, INC., Relators,

v.

Hon. Drew W. LUTEN, Jr., Judge, Circuit Court of St. Louis County, Respondent.

No. 64134.

Supreme Court of Missouri, En Banc.

March 29, 1983.

Gregory F. Quinn, Ellisville, for relators.

Kenneth J. Bini, St. Louis, for respondent.

BILLINGS, Judge.

Original proceeding in prohibition. Relator Bagnell Investment Co., Inc., sought our writ to prevent respondent, the Honorable Drew Luten, 21st Judicial Circuit, from entering an order directing plaintiff to answer certain interrogatories. Preliminary order made absolute.

Plaintiffs Sheldon R. Lending and Frances L. Lending obtained judgment for money damages against Boris Zebelman and Shirley Zebelman in the Circuit Court of St. Louis County on September 21, 1979. In aid of execution, plaintiffs summoned relator as garnishee, returnable May 14, 1980.

On May 15, 1980, plaintiffs, as garnishors, filed interrogatories directed to relator, as garnishee of the Zebelmans, which asked whether relator was indebted to the defendants or had possession, charge or control of any of their property.

On June 3, 1980, garnishors filed an application for judgment against garnishee for the latter's failure to answer interrogatories. On June 19, relator filed answers to the interrogatories denying any indebtedness to or having any property of defendants' Boris Zebelman and Shirley Zebelman. On August 19, 1980, garnishors moved to strike garnishee's answers because they were untimely and, in the alternative, denied the answers.

The record does not disclose any further action in the matter until July 16, 1981. At that time plaintiffs caused a special execution to issue against defendants Boris Zebelman and Shirley Zebelman and directed the sheriff to "levy and attach ... stock owned by defendants ... in Bagnell Investment Company." Thereafter, on August 12, 1981, plaintiffs mailed to defendant Shirley Zebelman "Interrogatories to Individual Defendant Shirley Zebelman", consisting of 31 separate interrogatories and their subparts. The interrogatories stated they were to be answered by "Defendant Shirley Zebelman". The interrogatories provided a signature line for only Shirley Zebelman, was captioned pursuant to the underlying case in which plaintiffs obtained judgment, did not list or show relator as garnishee, and although indicating copies had been sent to the Zebelmans and their attorney, omitted any reference of a mailing to relator. Shirley Zebelman objected to and refused to answer the interrogatories. After oral argument on Shirley Zebelman's objections the respondent overruled her objections and ordered *relator* to answer the same. After an unsuccessful attempt to prohibit respondent in the Court of Appeals, Eastern District, relator filed this proceeding in this Court.

■ Garnishment proceedings are governed by Chapter 525, RSMo 1978, and our Rule 90. Because garnishment is purely a

creature of statute in derogation of the common law, strict compliance with all of the requirements formerly imposed by statutes and now also enjoined by civil rules is essential to confer and support jurisdiction in a garnishment proceeding. *Smith v. Bennett,* 472 S.W.2d 623, 628 (Mo.App.1971). Garnishment in aid of execution is an incidental remedy whereby a plaintiff seeks to collect the judgment by reaching the defendant's property in the hands of a third party. *Tom Houlihan Men's Wear v. Wilkerson,* 407 S.W.2d 58 (Mo.App.1966).

With the foregoing principles in mind, we are of the opinion that various insurmountable obstacles foreclose the jurisdiction of respondent to enter the proposed order directing relator to answer the subject interrogatories.

■ Plaintiffs' initial interrogatories, authorized by § 525.130 and Rule 90.13, were belatedly answered [1] by relator in which it denied any indebtedness to defendants or that it held any property owed by them. As noted, *supra,* plaintiffs denied relator's answers on August 19, 1980, two months after the answers were filed. Section 525.-190 and Rule 90.13(c) require a garnishor (plaintiffs), by way of denial or exception to set forth the *grounds* upon which recovery is sought against the garnishee.[2] Rule 90.-13(c) also specifically limits the time within which the garnishor can file exceptions to the answers to ten days after service of such answers. Section 525.210 provides that "If the answer of the garnishee be not excepted to nor denied in proper time, it shall be taken to be true and sufficient."

Here, plaintiffs did not aver *any* grounds as a basis for recovery against relator as garnishee. In their alternative motion to strike or deny garnishee's answers to interrogatories, they stated: "Plaintiff denies Garnishee's answers as submitted in those answers to interrogatories and calls for strict proof thereof." Furthermore, their denial was not filed within the limited period of time (ten days) prescribed by Rule 90.13(c). The failure of plaintiffs to proceed as required by statute and rule constituted an abandonment or discontinuance of the garnishment proceeding. 38 C.J.S. Garnishment § 271. Consequently, there was no issue between plaintiffs and relator-garnishee and the trial court was without jurisdiction to proceed further.

In support of the proposed order by respondent, plaintiffs contend their denial of relator's answers to interrogatories raised "an issue to be tried" and their August, 1982, interrogatories directed to individual defendant Shirley Zebelman were filed so as to narrow the issues to be litigated between plaintiffs and relator. In addition to the reason we have set forth in the preceding paragraph as to respondent's lack of jurisdiction to enter the proposed order relating to the present interrogatories, this contention cannot stand because of the reasons which follow.

■ The present set of interrogatories was filed fourteen months after notice and summons to relator. The applicable statute and rule not only does not authorize the same but, on the contrary, delineate the time period within which a garnishor may serve interrogatories. Section 525.130; Rule 90.13(a). "Once the time for filing lapses, the plaintiff may not force the garnishee to answer." *Cloyd v. Cloyd,* 564 S.W.2d 337, 346 (Mo.App.1978). The *scope* of permissible interrogatories in garnishment proceedings is specifically limited by statute [§ 525.130] and rule [90.13(a)]. The instant interrogatories, seeking information as to the incorporation, internal affairs, and assets of relator, are clearly beyond the scope of authorized interrogatories and unauthorized. 38 C.J.S. Garnishment, § 213. And, the foregoing statute and rule authorize interrogatories to the *garnishee,* not to a defendant in the underlying action.

---

1. Section 525.140 and Rule 90.14 provide for judicial remedies when answers are not timely filed by a garnishee.

2. The issues in garnishment proceedings are framed by the denial or exceptions of the garnishor to the answers of the garnishee and the latter's reply or response. Section 525.190; Rule 90.13(c); *Rees v. Peck-King Mortgage Co.,* 206 Mo.App. 690, 230 S.W. 666 (1921).

Respondent has no jurisdiction to order relator to answer the subject interrogatories and prohibition will lie to prevent the threatened action. *State ex rel. Thomasville Wood Prod., Inc. v. Buford,* 512 S.W.2d 220 (Mo.App.1974).

Writ made absolute.

All concur.