STATE ex rel. EAGLE BANK AND TRUST COMPANY, by Larry RODERMAN, President, Relator,

v.

Honorable James S. CORCORAN, Judge, 22nd Judicial Circuit of Missouri, Respondent.

No. 64842.

Supreme Court of Missouri, En Banc.

Nov. 22, 1983.

C.R. Willis, St. Louis, for relator.

Laurence D. Mass, Clayton, for respondent.

BILLINGS, Judge.

Original proceeding in prohibition. Relator Eagle Bank and Trust Company, sought our writ to prevent respondent, the Honorable James S. Corcoran, 22nd Judicial Circuit, from entering an order directing relator to answer certain interrogatories. Preliminary order made absolute.

Plaintiff Marquette's Restaurant filed suit against Ronald Odenthal in the Circuit Court, City of St. Louis, on September 1, 1981. The following day plaintiff served a writ of attachment, notice of attachment and summons to garnishee upon relator. No subsequent return was made by the Sheriff showing that he had taken possession of the property.

On August 16, 1982, plaintiff obtained a judgment against defendant. In aid of execution, plaintiff summoned relator as garnishee for the second time on September 14, 1982. On September 15, 1982, plaintiff served upon relator interrogatories to garnishee inquiring into the status of defendant's account as of the date of service of the writ of attachment. On September 22, 1982, relator answered the interrogatories stating the amount held in defendant's account as of the date of service of the *second* summons in garnishment on September 14, 1982. On October 13, 1982, plaintiff objected and moved to compel the relator to

answer the interrogatories as of the date of service of the writ of attachment and first summons to garnishee. The respondent sustained plaintiff's motion to compel.

After an unsuccessful attempt to prohibit respondent in the Court of Appeals, Eastern District, relator filed this proceeding in this Court.

■ Garnishment is purely a creature of statute in derogation of the common law. Chapter 525, RSMo 1978, and our Rule 90, as well as the related Chapter 521 and Rule 85, pertaining to attachments, cover generally all the proceedings in garnishment in Missouri. Strict compliance with all of the requirements formerly imposed by statutes and now also enjoined by civil rules is essential to confer and support jurisdiction in a garnishment proceeding. *Smith v. Bennett,* 472 S.W.2d 623, 628 (Mo.App.1971). Garnishment in aid of execution is an incidental remedy whereby a plaintiff seeks to collect the judgment by reaching the defendant's property in the hands of a third party. *Tom Houlihan Men's Wear v. Wilkerson,* 407 S.W.2d 58 (Mo.App.1966).

■ Service of a writ of attachment and summons in garnishment merely "attaches" property subject to garnishment between the time the notice is served and the time of the return date of the writ. Rule 90.06. Actual seizure of property so attached, in accordance with Rule 90, must be by Immediate Order of Delivery after service and before the return date of the writ, Rule 90.08, or by an adversarial process commenced with service of interrogatories not less than six days after the return of the writ. Rule 90.13. The garnishor's compliance with Rules 90.08 or 90.13 gives the Court before whom the garnishment proceeding is pending jurisdiction to order seizure of the property before or after the return date.

■ Here, plaintiff did not request nor obtain an Immediate Order of Delivery of the property before the October 1, 1981 return date of the writ. Plaintiff also failed to serve on relator interrogatories within six days after October 1, 1981, per Rule 90.13(a) and § 525.130, RSMo 1978. Failure of plaintiff to proceed as required by statute and rule constitutes an abandonment or discontinuance of the garnishment proceeding. *State ex rel. Bagnell Inv. Co. v. Luten,* 647 S.W.2d 539, 541 (Mo. banc 1983). Consequently, the trial court was without jurisdiction to proceed further and the plaintiff was not entitled to compel the relator-garnishee to respond to interrogatories as of the date of attachment. *See State ex rel. Bagnell Inv. Co. v. Luten,* 647 S.W.2d at 541.

Plaintiff contends that a bank account is properly attached and placed outside the control of the attachment debtor by serving the bank with the writ of attachment and not causing the bank to pay over the amount of the account into the registry of the court. In support of this position plaintiff relies upon cases from other jurisdictions holding that the mere service of a writ constitutes constructive seizure of the property of the owner. We are unpersuaded by the disposition of this issue in other jurisdictions construing statutory schemes different than our own. For the reasons stated in the foregoing paragraph the trial court's jurisdiction to proceed in the instant action arises only upon compliance with procedures proscribed in our rules and statutes.

Plaintiff also cites *State ex rel. Mather v. Carnes,* 551 S.W.2d 272 (Mo.App.1977), to support his proposition that the bank account was constructively seized. In *Mather,* the court held that it was not necessary that the sheriff take actual possession of the attached airplane to perfect the writ. Rather, the court found that in the case of accessible property, taking custody did not necessarily mean physical capture and removal. The court held disabling the aircraft and removing its parts so that it could not be flown was a sufficient act of dominion and custody to give the court jurisdiction over the res. However, the court was careful to note:

> The mere declaration of an officer that he comes to levy by writ of attachment, without more, does not assume dominion over the property nor interfere with the

title of the owner, and so does not constitute an actual seizure.

*Id.* at 282. *See also, Hobbs v. Williams,* 175 Mo.App. 409, 162 S.W. 334, 336[6] (1913). We conclude that the mere service of the writ on relator did not constitute seizure of the bank account.

■ The present set of interrogatories were served more than one year after the writ of attachment. The applicable statute and rule specify the time period within which a garnishor may serve interrogatories. Section 525.130; Rule 90.13(a). "Once the time for filing lapses, the plaintiff may not force the garnishee to answer." *Cloyd v. Cloyd,* 564 S.W.2d 337, 346 (Mo. App.1978). Failure to serve interrogatories within the proscribed time period constitutes an abandonment of the garnishment. *Dunham v. Jerome,* 226 Mo.App. 1214, 49 S.W.2d 637 (1932).

■ Respondent has no jurisdiction to order relator to answer the interrogatories as of the date of the writ of attachment and prohibition will lie to prevent the threatened action. *State ex rel. Bagnell Investment Co. v. Luten,* 647 S.W.2d at 542; *State ex rel. Thomasville Wood Prod., Inc. v. Buford,* 512 S.W.2d 220 (Mo.App.1974).

Writ made absolute.

All concur.