Ronald L. BLANTON, Respondent,

v.

UNITED STATES FIDELITY AND
GUARANTY COMPANY,
Appellant.

No. WD 34857.

Missouri Court of Appeals,
Western District.

Sept. 11, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and Denied
Oct. 30, 1984.

Application to Transfer Denied
Dec. 18, 1984.

Clyde G. Meise, Kansas City, for appellant.

Thaine Q. Blumer, Kansas City, for respondent.

Before CLARK, P.J., and SHANGLER and NUGENT, JJ.

NUGENT, Judge.

The garnishee-insurer United States Fidelity and Guaranty Company appeals from a determination of liability under a policy of insurance in a garnishment action. We have determined that the trial court had no jurisdiction and thus we have none. The appeal is dismissed.

The legal file submitted to this court contains only a form denominated "request" for execution. Because no execution or summons to garnishee appeared in the legal file, the entire file in the circuit court was brought up to this court to determine if jurisdiction had attached in the circuit court.

The file of the circuit court and the legal file in this court contain no valid execution or summons to garnishee to vest the circuit court with in rem jurisdiction.

The garnishment proceeding was instituted by plaintiff to satisfy an underlying default judgment against Wiggs Oil Company, the insured of the United States Fidelity and Guaranty Company under a liability policy. On September 5th, an execution was issued returnable October 5th, and a summons to United States Fidelity and Guaranty Company as garnishee was issued the same date and returnable at the same time. The directions of the plaintiff as to service of the summons to garnishee were to serve United States Fidelity and Guaranty at 3131 Broadway, Kansas City, Missouri. The summons to garnishee was served upon the claims manager of the claims office located at the address shown. No return was made upon the execution. Counsel for United States Fidelity and Guaranty moved to quash the return to the summons on September 28, 1978, and attached suggestions and affidavit. Plaintiff did not respond to the motion and the court sustained the motion October 24, 1978. Copies of the order were mailed to attorneys of record on October 25, 1978. The ground stated in the motion was that service was not made upon any of the agents of United States Fidelity and Guaranty designated in Rule 90.04 and § 525.050 R.S. Mo.1969.

On October 5, 1978, the plaintiff filed a *second* direction to the Court Administrator. This document, the only one in the legal file in this court, directed issuance of an execution "against United States Fidelity and Guaranty" and also directed that United States Fidelity and Guaranty be summoned as garnishee. The amount of the judgment debt and the judgment debtor, Wiggs Oil Company, are also listed on the form. A notation appears on this form that execution was issued October 10, 1978,

returnable November 9, 1978. The form contains a blank to show the date of issuance of garnishment, but no notation appears. The file has been examined page by page, as well as the abstract of the file, showing dates of filing and service, and neither an execution nor a summons to garnishee exists or is referred to arising from this second request. The file does not reflect which of the contradictory directions with respect to the judgment debtor was followed in the issuance of the execution if, in fact, an execution was issued. The file contains absolutely no indication of any sort that this second execution was ever served on the judgment debtor, Wiggs Oil Company, or anyone else.

Despite this absence of any basis upon which to proceed, the judgment creditor filed interrogatories on November 13, 1978, and thereafter, on November 21, the garnishee filed answers to those interrogatories. Thereafter, the case proceeded to its ultimate conclusion and the judgment against the garnishee for the plaintiff's judgment, costs, and interest.

■ A garnishment action is a proceeding in rem. Its function is to bring within the jurisdiction and power of the court the debt or chose in action and impress it with the lien of the judgment in aid of the execution.

■ Garnishment proceedings are governed by Chapter 525, R.S.Mo.1978, and Rule 90. Because garnishment is purely a statutory proceeding supplemented by Rule 90, all the requirements of the statutes and rules are essential to confer jurisdiction in garnishment. *State ex rel. Bagnell Investment Co., Inc. v. Luten*, 647 S.W.2d 539 (Mo.1983) (en banc); *Smith v. Bennett*, 472 S.W.2d 623 (Mo.App.1971).

■ The failure to issue summons to the garnishee pursuant to a valid execution is fatal to the jurisdiction of the court to proceed. *Fulkerson v. Laird*, 421 S.W.2d 523 (Mo.App.1967). Even if a summons

had issued (which the record does not show), a valid return showing notice to the garnishee is essential to jurisdiction. *Fulkerson, supra.*

■ *State ex rel. Bagnell, supra,* and the more recent decision, *State ex rel. Eagle Bank and Trust Co. v. Corcoran*, 659 S.W.2d 775 (Mo.1983) (en banc), reiterate those principles; the *summons* and *notice* to the *garnishee* are essential to provide jurisdiction of the court over the res. While the garnishee may waive any defect in the return of the summons by appearing generally, the jurisdiction of the court over the res may "neither be waived nor conferred by consent. Where the method of service of notice required by law has not been followed, the court does not acquire jurisdiction over the res." *Feltner v. U.S. Army Finance and Accounting Center*, 643 S.W.2d 648, 649 (Mo.App.1982). A judgment of a court without jurisdiction is void. *Fulkerson v. Laird, supra,* at 527. Appeal of a void judgment vests no jurisdiction in an appellate court, which must sua sponte examine its jurisdiction in any case in which doubt of jurisdiction appears, even though the parties concur that jurisdiction exists. *Champlin Petroleum Co. v. Brashears*, 592 S.W.2d 545 (Mo.App. 1979).

This court has no jurisdiction, the judgment of the circuit court is void, and this appeal must be dismissed.

All concur.