**914**

Terry A. PROPES, Respondent,

v.

C.E. RHODES and E.J. Rhodes, Co-Partners, d/b/a Rhodes Brothers Truck and Trailer Service, Respondent,

Iowa Mutual Insurance Company, Garnishee-Appellant.

No. WD37189.

Missouri Court of Appeals, Western District.

March 18, 1986.

Martin M. Bauman, St. Joseph, for garnishee-appellant.

Robert D. Colley, Don Pierce, P.C., St. Joseph, for respondent Propes.

Before DIXON, J., Presiding, and MANFORD and NUGENT, JJ.

DIXON, Judge.

The Iowa Mutual Insurance Company was the garnishee in an action in which Terry A. Propes was plaintiff and judgment creditor. The trial court entered a judgment against the Iowa Mutual Insurance Company as garnishee finding that it was indebted under an insurance policy to the plaintiff judgment creditor. The Iowa Mutual Insurance Company has appealed.

In the underlying suit, Terry A. Propes, plaintiff, recovered a default judgment in the amount of $4,500 against C.E. Rhodes and E.J. Rhodes, doing business as Rhodes Brothers Truck and Trailer Service. The default was entered after the trial court had stricken the defendants' pleadings for failure to answer interrogatories. The plaintiff's claim was that the defendants had defectively repaired a truck.

The Iowa Mutual Insurance Company had initially provided a defense in the underlying action, but the lawyer for defendants employed by Iowa Mutual was given leave to withdraw because the defendants had failed to cooperate with the Iowa Mutual Insurance Company in the conduct of the defense.

Some eight months after the entry of the judgment, the plaintiff commenced a garnishment action against the Iowa Mutual Insurance Company. Plaintiff filed fifteen interrogatories on September 6, 1977. Iowa Mutual Insurance Company filed a

pleading which sought to quash the garnishment. This pleading asserted that Iowa Mutual had issued a binder and that coverage of plaintiff's claim existed. The pleading went on to allege that the defendants had failed to cooperate and the coverage was ended because of that failure. The answers to interrogatories were filed October 5, 1977, and denied that Iowa Mutual Insurance Company was indebted to the plaintiff. The answers further denied there was any insurance in force at the time of the entry of the judgment. On July 26, 1979, more than two years after the filing of the answers to interrogatories, the plaintiff Terry A. Propes filed a motion for default judgment against the Iowa Mutual Insurance Company as garnishee. The motion asserted the answers were insufficient because they were not made by someone having authority to answer, were not filed within ten days as required by Rule 90.13 and that no copy of the insurance policy was attached. That motion was overruled by the trial court on August 3, 1979, conditioned upon the garnishee insurance company producing a copy of its policy of insurance.

On August 30, 1979, the plaintiff Propes filed another motion for default judgment. This motion complained that the policy produced by the company was a specimen policy, and not the policy issued. The Iowa Mutual responded by a pleading which asserted that there had never been a policy issued because the loss occurred during the binder period. The company further asserted the specimen policy was a duplicate of any policy that would have been issued.

On November 29, 1979, two years and two months after the Iowa Mutual Insurance Company had filed its answers to interrogatories, the plaintiff Terry A. Propes filed exceptions to the garnishee's answers. These exceptions constituted a general denial of the answers, but they did not state any ground for recovery against the Iowa Mutual Insurance Company. On December 10, 1979, the garnishee moved the court to dismiss the garnishment action against the garnishee. The first ground asserted in the motion to dismiss was that the plaintiff

Propes had failed to comply with Rule 90.-13(c) by a timely filing, and second, that the denial and exceptions filed by the plaintiff Propes failed to state any ground of recovery or assertion of any specific facts constituting a cause of action against the Iowa Mutual. The motion to dismiss was overruled March 27, 1985, and a hearing, apparently on the exceptions of the garnishee, was subsequently held. In May of 1985, five years and six months after the garnishment was filed, the trial court entered a judgment against the Iowa Mutual Insurance Company.

The Iowa Mutual Insurance Company has timely filed its notice of appeal. The position of the appellant Iowa Mutual Insurance Company is that its motion to dismiss should have been sustained. It cites *State ex rel. Bagnell Investment Co. v. Luten,* 647 S.W.2d 539 (Mo. banc 1983), in which the Supreme Court was confronted with almost an identical fact situation. In *Bagnell,* the relator filed answers to the interrogatories on June 19, 1980, denying any indebtedness to or having any property of the defendants. On August 19, 1980, the garnishors moved to strike the garnishee's answers because they were not timely and, in the alternative, denied the answers. The court, in holding that the garnishors had abandoned the garnishment, said as follows:

Garnishment proceedings are governed by Chapter 525, RSMo 1978, and our Rule 90. Because garnishment is purely a creature of statute in derogation of the common law, strict compliance with all of the requirements formerly imposed by statutes and now also enjoined by civil rules is essential to confer and support jurisdiction in a garnishment proceeding.

. . . .

. . . . Furthermore, their denial was not filed within the limited period of time (ten days) prescribed by Rule 90.13(c). The failure of plaintiffs to proceed as required by statute and rule constituted an abandonment or discontinuance of the garnishment proceeding. 38 C.J.S. Garnishment § 271. Consequently, there

was no issue between plaintiffs and relator-garnishee and the trial court was without jurisdiction to proceed further. *Bagnell,* 647 S.W.2d at 540–41.

Finally, § 525.210, RSMo 1978, provides: "If the answer of the garnishee be not excepted to nor denied in proper time, it shall be taken to be true and sufficient."

The answers provided by Iowa Mutual on October 5, 1977, were admitted when not excepted to nor denied by plaintiff Propes for a period of two years.

The judgment of the trial court cannot be sustained. The failure of the plaintiff to file exceptions within ten days of the filing of the answers to the interrogatories constituted an abandonment of the garnishment proceeding.

The judgment is reversed.

All concur.