**Joe ALLISON, Respondent,**

v.

**Gene TYSON and B and N Construction, Defendants,**

**Sarai Construction, Inc., Appellant.**

**Nos. WD 62098, WD 62195.**

Missouri Court of Appeals, Western District.

Oct. 14, 2003.

Motion for Transfer to Supreme Court Denied Nov. 25, 2003.

Application for Transfer Denied Jan. 27, 2004.

Leonard Wagner, Kansas City, for Appellant.

David Kraft, Kansas City, for Respondent.

Phillip Anthony Brooks, Kansas City for Defendant.

Gene Tyson, pro se.

PAUL M. SPINDEN, Presiding Judge.

This appeal involves a garnishment proceeding and the consequences flowing from a garnishor's failure to timely file his exceptions to a garnishee's interrogatory answers. We hold that the failure to timely

file exceptions deprives the circuit court of jurisdiction to proceed further and terminates the garnishment action. We, therefore, reverse the judgments and remand this case for dismissal by the circuit court.

On November 1, 1996, Joe Allison obtained a monetary judgment against Gene Tyson from a Texas state court. On June 8, 2000, Allison registered the foreign judgment in the circuit court for Jackson County. He also sought to execute the judgment through a garnishment action directed to Sarai Construction, Inc.

Sarai Construction had a contract with Kansas City's Board of Parks and Recreation Commissioners, which had subcontracted with B and N Construction, a firm that had financial ties to Gene Tyson.[1] After learning of the contract, Allison obtained a writ of garnishment notifying Sarai Construction that anything of value owed to Tyson and in its possession, charge, or control from the date of service until the return date of December 31, 2001, was attached and subject to garnishment.

Authorities served the summons and writ of garnishment and the required interrogatories to Sarai Construction on October 18, 2001. Sarai Construction's registered agent served the corporation's verified answers by mail on November 8, 2001, and denied that it held or owed anything belonging to Tyson from the date of service through the return date.

Allison filed his exceptions to the interrogatory answers 18 days after Sarai Construction's mailing, on November 26, 2001. He asserted that Tyson was doing business as B and N Construction and that any money that Sarai Construction owed to B and N Construction was subject to the writ of garnishment. Sarai Construction did not respond to the exceptions.

The circuit court convened an evidentiary hearing on the exceptions. Sarai Construction asked the court to dismiss Allison's action because he had not filed his exceptions to the interrogatory answers on time. The circuit court agreed. It ruled that, because Allison received the mailed interrogatory answers on November 13, 2001, the deadline for his exceptions was November 23, 2001. Because Allison filed them on November 26, the circuit court ruled that it did not have jurisdiction, and it entered judgment for Sarai Construction.

In a motion to reconsider, Allison argued to the circuit court that its clerk's office was closed for Thanksgiving through November 25 and, under Rule 44.01(a), those dates were not to be counted in calculating the deadline. The circuit court agreed and set aside its judgment.

The circuit court reconvened a hearing on Allison's exceptions on July 19, 2002, and entered judgment finding that Tyson owned B and N Construction and that Sarai Construction paid $47,902.82 to B and N Construction after it was served with the summons and writ of garnishment and before the return date. On October 16, 2002, the circuit court ordered Sarai Construction to pay $47,902.82 to the circuit court within 20 days. Sarai Construction appealed.

On November 19, 2002, after 20 days had elapsed without payment, the circuit court entered judgment against Sarai Construction and in favor of Allison for $47,902.82 plus post-judgment interest. Sarai Construction filed a second appeal. Because both appeals arise from the same set of facts, we consolidated the cases.

1. The extent of these financial ties is in dispute. The circuit court determined that Tyson owned B and N Construction. Sarai Construction disagrees.

■ In its first point, Sarai Construction argues that the circuit court erred by entering judgment for Allison because Allison's not filing his exceptions on time deprived the circuit court of jurisdiction to proceed. We agree.

■ A garnishment action is a creature of statute in derogation of the common law. *State ex rel. Eagle Bank and Trust Company by Roderman v. Corcoran,* 659 S.W.2d 775, 777 (Mo. banc 1983). Strict compliance with the statutes and rules governing such actions is, therefore, essential to confer and to support jurisdiction. *Id.; Beatty v. Conner,* 923 S.W.2d 455, 460 (Mo.App.1996); *Board of Regents of Southwest Missouri State University v. Harriman,* 792 S.W.2d 388, 394 (Mo.App. 1990); *Landmark Bank of Ladue v. General Grocer Company,* 680 S.W.2d 949, 953 (Mo.App.1984). A garnishor's failure to proceed as required by statute and rule constitutes abandonment or discontinuance of a garnishment proceeding, and the circuit court loses its jurisdiction to proceed. *Corcoran,* 659 S.W.2d at 777; *State ex rel. Bagnell Investment Company, Inc., v. Luten,* 647 S.W.2d 539, 541 (Mo. banc 1983).

Rule 90.07(c) gives a garnishor only 10 days after service of the garnishee's answers to file exceptions:

The garnishor, within ten days after service of the garnishee's answers to interrogatories, shall file any exceptions to the interrogatory answers asserting any objections to the answers and asserting all grounds upon which recovery is sought against the garnishee. The garnishee's answers to interrogatories are conclusively binding against the garnishor if the garnishor does not timely file exceptions to the interrogatory answers.

Sarai Construction served Allison with its answers to interrogatories by mail on November 8, 2001. That Allison did not receive them until November 13, 2001, is of no significance because in a garnishment action we deem service complete on mailing pursuant to Rule 90.03(b) that says, "All pleadings and papers subsequent to service of the summons and writ of garnishment shall be served as provided in Rule 43.01" Rule 43.01(c)(2) allows for service by mail and says that service is "complete upon mailing." The circuit court, therefore, erred in using the date on which Allison received the answers to calculate the period within which the exceptions were due.

■ Because service was by mail, Allison's deadline for filing the exceptions was 13 days. Rule 44.01(e). November 21 was the 13th day after November 8. Allison did not file his exceptions with the circuit clerk until November 26, 2001. That Allison may have placed them in the mail within the allotted time is not enough. Rule 90.07(c) specifically requires that the exceptions be "filed." Service, or mailing, is not the same as filing. *State ex rel. Schnuck Markets, Inc. v. Koehr,* 859 S.W.2d 696, 698 (Mo. banc 1993).

Because Allison did not file his exceptions to interrogatory answers within the allotted time, the circuit court was obligated to accept Sarai Construction's answers denying that it held or owed anything belonging to Tyson from the date of service through the return date. Rule 90.07(c); Section 525.210, RSMo 2000; *Luten,* 647 S.W.2d at 541. Moreover, the circuit court erred in proceeding to a hearing and in entering judgment for Allison. Allison, in effect, had abandoned his garnishment proceeding. The circuit court lost jurisdiction to proceed when Allison did not file his exceptions to the interrogatory answers on time. *Luten,* 647 S.W.2d at 541; *Propes v. Rhodes,* 706 S.W.2d 914, 915–16 (Mo.App.1986).

■ Allison recognizes the holdings of *Luten* and *Propes,* but he endeavors to distinguish them. He argues that the courts' rulings in those cases resulted from, in *Luten,* the garnishor's waiting two months to file exceptions and, in *Propes,* the garnishor's waiting two years. Although these delays were longer than Allison's, the holdings of *Luten* and *Propes* did not depend on the length of the delays. Exceptions must be filed within the allotted period and jurisdiction terminates when they are not, no matter how long the delay. *Luten,* 647 S.W.2d at 541; *Propes,* 706 S.W.2d at 915–16.

■ Allison also argues that Sarai Construction did not follow the rules in answering the interrogatories, and that its decision to answer sooner than it was supposed to and in an untruthful manner should not shorten the proceeding. We reject any contention that untruthfully answered interrogatories, although certainly not commendable, relieves the garnishor from filing exceptions on time. This is not an action in equity, as Allison seems to contend, but a creature of statute in which the circuit court was obligated to construe the statutory provisions strictly. Indeed, by allowing for exceptions, the law implicitly recognizes that a garnishee might not answer the interrogatories accurately.

■ We also reject Allison's argument that Sarai Construction's noncompliance with the garnishment rules somehow alleviated his obligation to file his exceptions on time. Rule 90.07(b) says, "The garnishee shall file and serve verified answers to the interrogatories within ten days after the return date of the writ." Although Sarai Construction did not strictly comply with the rule, the law is more forgiving of a garnishee's failure to comply than it is of a garnishor's. A garnishee is a third party who has been drawn into a dispute not his own; *i.e.,* he has been drawn into the garnishor's attempts to execute a judgment rendered against his judgment debtor.

In *Luten,* both the garnishee and garnishor failed to comply with the garnishment rules. The garnishee filed her answers to interrogatories late, and the garnishor filed his exceptions late. Although the rules imposed time constraints in terms of answering and excepting as do the current rules, the *Luten* court overlooked the garnishee's failings but deemed the garnishor's failings to be fatal to the action. 647 S.W.2d at 541. The *Luten* court suggested that this was because the law already provided a judicial remedy for a garnishee's failure to answer in a proper manner: a motion to compel answer. *Id.* at 541 n. 1. Although the Supreme Court has amended the rules since *Luten,* the same distinction still applies. Allison had a remedy to cure Sarai Construction's failings in a motion to compel proper answer. Rule 90.08. Instead of pursuing this remedy, he accepted the answers and filed his exceptions.

■ Allison further argues that, if the circuit court can determine the date on which a document served by mail was received, it should deem the presumption in Rule 44.01(e) that mail delivery takes three days to be rebutted and should grant the garnishor 10 days from the date he receives the interrogatory answers. He also refers us to authority from other jurisdictions that he contends supports granting him the entire 13 days from the date that the document is received. Under this approach, the tenth day after Allison received the interrogatory answers was November 23, 2001. The circuit clerk's office was closed on November 23 for an extended Thanksgiving vacation, so, according to Rule 44.01(a), it would not be

the deadline date. *Heinen v. Healthline Management, Inc.*, 982 S.W.2d 244, 246–47 (Mo. banc 1998). The deadline would have been extended to November 26, the following Monday.

Giving the words of Rule 44.01(e) their plain and ordinary meaning, the rule does not support Allison's interpretation. The rule says:

> Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served by mail, three days shall be added to the prescribed period.

It expressly provides that, when service is by mail, three additional days are to be added to the prescribed period. We glean nothing more from the rule than this. It says nothing about the day on which a document is received.

Moreover, the text of the remaining applicable rules also does not support Allison's contention. Rules 90.07(c) and 43.01(c)(2) provide that he had to file any exceptions "within ten days after *service* of the garnishee's answers[,]" and that "[s]ervice by mail is complete upon mailing."[2] To interpret the rules in Allison's manner would require us to disregard language providing that the mailing of the answers triggered the running of the prescribed period. This would be improper. *See generally, R.B. Industries, Inc. v. Goldberg*, 601 S.W.2d 5, 6 (Mo. banc 1980).

Allison's final argument is that the 10 day period prescribed by Rule 90.07(c) should not be "lumped" together with the three additional days provided by Rule 44.01(e) for a 13 day period commencing on the date the answers were served. He instead believes that the three and 10 days should be regarded as separate periods, with the 10 day period not to be computed until the three additional days for mailing have been separately computed in a manner consistent with Rule 44.01(a). In essence, he is contending for two prescribed periods instead of one. This interpretation would save Allison's action because the third day following service by mail would have fallen on November 14, 2001, giving him six more days because a weekend and Veteran's Day occurred during the period. Rule 44.01(a). Giving Allison 10 days from November 14 would have made his deadline for filing his exceptions fall on November 24, 2001. Because Rule 44.01(a) provides that the weekend days would not count, the deadline would have been November 26, 2001.

Other courts have interpreted Rule 44.01(a)'s and (e)'s counterpart in the federal courts, Fed. R. Civ. Pro. 6(a) and (e), in this way. In cases in which a prescribed period is less than 11 days, the federal courts do not include weekends and holidays in the computation. A problem arises, however, when three additional days added to the prescribed period increases the period to more than 11 days and, as a consequence, requires that weekends and holidays be counted. Under these circumstances, several courts have indicated that they will compute the prescribed period separately from the additional three days with the effect being that weekends and holidays remain excluded from the computation. *See, e.g., Treanor v. MCI Telecommunications Corporation*, 150 F.3d 916, 918 (8th Cir.1998); *Epperly v. Lehmann Company*, 161 F.R.D. 72, 75–76 (S.D.Ind.1994); *National Savings Bank of Albany v. Jefferson Bank*, 127 F.R.D. 218, 220–22 (S.D.Fla.1989); *Nalty v. Nalty Tree Farm*, 654 F.Supp. 1315, 1316–18 (S.D.Ala.1987). Some state courts have

---

**2.** We added the emphasis.

done likewise in applying analogous provisions of their rules. *See State v. Hugger*, 640 N.W.2d 619, 623–26 (Minn.2002); *Sellers v. Employment Security Commission of Wyoming*, 760 P.2d 394, 398 (Wyo.1988).

Our rules contain a similar provision to federal Rule 6(a) in Rule 44.01(a), but Rule 44.01(a) excludes weekends and holidays from any computation only when a prescribed period is less than seven days. This provision, therefore, does not apply to the prescribed period set by Rule 90.07(c), so intervening weekends and holidays would be counted regardless of whether or not an additional three days were added. We, therefore, are not dealing with a case where application of Rule 44.01(e) would systematically diminish the time in which a party has to respond.[3]

Nevertheless, the courts have adopted two different approaches that could apply to Allison's case. One requires that the prescribed period and the additional three days be computed separately. *See Sellers*, 760 P.2d at 396–98; *Kessler Institute for Rehabilitation v. National Labor Relations Board*, 669 F.2d 138, 140–41 (3rd Cir.1982) (construing federal regulations virtually identical to F.R. Civ. Pro. 6(a) and (e)). The rationale for this approach is that mail service has become more frequently delayed and that, to the extent possible, fairness requires that parties be allotted the same number of working days rather than being penalized by an adversary's choice to use mail. *Kessler Institute*, 669 F.2d at 141. The other approach—the one that commentators regard as the better view—adds days for service by mail as part of a single term. *See Custom Cabinet Factory of New York, Inc. v. Eighth Judicial District Court*, 62 P.3d 741, 742–43 (Nev.2003); *Rivera v. Department of Labor and Industrial Relations*, 100 Hawai'i 348, 60 P.3d 298, 299–302 (2002); *Wheat State Telephone Company, Inc. v. State Corporation Commission*, 195 Kan. 268, 403 P.2d 1019, 1022–23 (1965); *In re Iofredo's Estate*, 241 Minn. 335, 63 N.W.2d 19, 21 (1954).[4] The rationale for this approach is that any other interpretation of a rule that requires that additional days be added to the prescribed period would contra-

---

3. Although Allison had less than 10 days from the date on which he received the interrogatory answers to file his exceptions, his response time was not diminished because of provisions in Rule 44.01(e). Indeed, without the benefit of an additional three days, his exceptions would have been due on November 19 rather than on November 21. Rather, that he had less than 10 days after delivery resulted from the allotted enlargement of time's being insufficient to compensate for delayed mail delivery.

4. Professors Wright and Miller say, in discussing F.R. Civ. Pro. 6(e), "When the original period is eleven days or more, the three additional days allowed when service has been made by mail should be added to the original period, rather than treated as a separate period, and the total treated as a single period for purposes of computation. This simplifies computation and accomplishes adequately the purposes of Rule 6(e), which is to protect parties served by mail from suffering a systematic diminution of their time to respond. Thus, suppose that thirty days normally are given to perform a particular act following service of a notice, and the thirtieth day would fall on a Sunday if the party were served personally. It has been argued under state provisions similar to Rule 6(e) that if service is made by mail, the original thirty-day period is then extended to Monday and the three-day addition then makes Thursday the final day for taking action. The better view, however, is that there is simply one thirty-three day period and that the thirty-third day, Wednesday, is the final day of the extended period." 4B C. Wright and A. Miller, Federal Practice and Procedure § 1171 (3d ed.2002). Our rules differ by excluding weekends and holidays when the prescribed period is less than seven days, but it is a distinction that makes no difference to our analysis.

dict the rule's plain language. *Rivera*, 60 P.3d at 301.

■ This is a case of first impression in Missouri. As we have already noted, however, we must interpret the rules according to the plain and ordinary meaning of the words used. *State ex rel. Vee–Jay Contracting Company v. Neill*, 89 S.W.3d 470, 471-72 (Mo. banc 2002). We are aware that mail might not be delivered on a weekend or holiday and that its delivery may take longer than three days. We can empathize with Allison's being "shorted" two days as a result of Sarai Construction's choice to serve the interrogatory answers by mail.[5] But the rule does not provide us with a means of compensating for slow mail delivery or for days the mail was not delivered, and we cannot, under the guise of interpretation, essentially rewrite the rule to do so. "Receipt by mail may take one day or may take five days for service by mail, but three days additional time is to be allowed in all cases." *Wheat State Telephone Company*, 403 P.2d at 1023.

Rule 44.01(e) clearly sets out only one period to which the three days can be added. The rule does not provide for a separate three-day period in addition to the prescribed period. It provides that three days "shall be added to" the prescribed period. The period for Allison to file his exceptions was 10 days after being served with the interrogatory answers. Rule 90.07(c). The rule's providing that "three days shall be added to the prescribed period" means that the three days are to be added to the prescribed period of 10 days. This results in a total period of 13 days.

■ The exceptions filed on November 26 were five days late. Although the parties do not raise the issue in their briefs, Rule 44.01(b) raises a question of whether or not the circuit court had the authority to grant Allison additional time to file his exceptions, despite the filing deadline's having already passed.

Rule 44.01(b) accords the circuit court discretion concerning deadlines. It says:

When by the these rules ... an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion ... (2) upon notice and motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect[.]

Assuming, without deciding, that this provision applies to a garnishment action, it would not relieve Allison from the consequences of his untimely exceptions.

■ Rule 44.01(b) imposes notice and motion requirements when the prescribed period has already expired. Although courts have suggested in *dictum* that circumvention of the rule's requirements is not encouraged in a garnishment action, *Edgar v. Ruma*, 823 S.W.2d 59, 62 (Mo. App.1991), strict compliance with the applicable civil rules is a matter of necessity in a garnishment action. *Corcoran*, 659 S.W.2d at 777; *Luten*, 647 S.W.2d at 541. Allison directed the circuit court's attention to Rule 44.01(b), but he did not move for an extension of time or provide notice. Nor did he establish excusable neglect. In response to Sarai Construction's request that the circuit court dismiss the action for Allison's failure to timely file exceptions, Allison argued only that any neglect occurred in the circuit clerk's office because

**5.** While the total number of available days were fewer, we also note that the number of working days—days not falling during a weekend or on a holiday—were six and would have remained six even had Allison been personally served.

he mailed his exceptions on November 20, 2001. Allison did not attempt to explain why his own conduct in depositing his exceptions in the mail the day before they had to be filed should be deemed excusable neglect.

Finally, Sarai Construction asked this court to award it attorney fees and expenses in connection with this appeal and to remand the case to the circuit court to determine what attorney fees and expenses should be awarded for proceedings in circuit court. The motion included a sworn statement of expenditures paid or incurred on appeal and was served on Allison as required by Rules 90.12(c) and 84.21.

Allison opposes the motion solely on the ground that it was filed approximately one month after the last appellate brief was filed and that it was not done "before a final submission of the cause on briefs" as required by Rule 84.21. Allison's proffered interpretation of what "final submission of the cause on briefs" means is incorrect. It refers to when a case is submitted for our decision—not to when a particular brief is filed. Thus, in addressing whether a motion has been filed on time, the courts have focused, not on the period terminating with the filing of the last brief, but on the period terminating with the "submission of the case." *See Johnston v. Sweany,* 68 S.W.3d 398, 405 (Mo. banc 2002); *Beneficial Finance Company of Houston v. Yellow Transit Freight Lines, Inc.,* 450 S.W.2d 222, 228 (Mo.App. 1969).

We sustain Sarai Construction's motion. In a garnishment action, Sarai Construction is entitled to recover the attorney fees that it expended in appealing the error. *Johnston,* 68 S.W.3d at 405; *Edgar,* 823 S.W.2d at 62. We remand the case to the circuit court so that it can determine the amount of award and whether or not Sarai Construction is entitled to recover fees and expenses incurred in the proceeding before it.

Because the failure to timely file exceptions to the interrogatories terminated the garnishment proceeding, the judgments for Allison and against Sarai Construction cannot be sustained. We need not address Sarai Construction's remaining two points. The judgments are reversed and the cause remanded. The circuit court shall dismiss the garnishment action and enter an award in accordance with this opinion.

THOMAS H. NEWTON, Judge, and RONALD R. HOLLIGER, Judge, concur.