William Michael **MILLER**, Appellant,

v.

**NORTH AMERICAN INSURANCE CO.**, American Administrative, Inc., Respondent,

**Guarantee Trust Life & Insurance Company**, Respondent.

No. WD 65890.

Missouri Court of Appeals, Western District.

July 11, 2006.

John Luther Young, Princeton, for Appellant.

Patrick McGrawth, Overland Park, KS, and Dennis Palmer, Karen Gleason, Kansas City, for Respondent.

RONALD R. HOLLIGER, Presiding Judge.

William M. Miller ("Garnishor") appeals the judgment of the trial court denying his Petition for Declaration (sic) Judgment against Guarantee Trust Life Insurance Company ("Garnishee") in a garnishment action. Appeal dismissed.

## Factual and Procedural Background

Garnishor purchased a health insurance policy from North American Insurance Company ("North American"). Garnishor filed a petition for damages against North American for its alleged refusal to pay medical expenses incurred by Garnishor. On November 10, 2004, a consent judgment was entered against North American in the amount of $50,000 together with post judgment interest and costs. The judgment provided that Garnishor would not seek recovery against North American but would seek satisfaction against Guarantee Trust, which had purchased the assets and liabilities of North American under an Assumption Reinsurance Agreement.

Garnishor filed an Execution/Garnishment Application Order on January 12, 2005, along with Interrogatories to Guarantee as Garnishee. On March 17, 2005, Garnishee filed its answers to Garnishor's interrogatories denying that it held any property of North American or was in possession of any property belonging to North American. Garnishor did not file exceptions to these answers within ten days as required by Rule 90.07. Garnishor then filed a Motion/Petition for Declaration (sic) Judgment on Garnishee Interrogatories on April 20, 2005. On July 26, 2005, the trial court entered its judgment denying Garnishor's petition. This appeal follows.

## Points Relied On

Garnishor asserts four points of error on appeal. Garnishee responds that the trial court lost jurisdiction of the garnishment action when Garnishor did not file exceptions to its interrogatory answers within ten days. We agree and, because the trial court had no jurisdiction, we likewise lack jurisdiction. *Brock v. Blackwood,* 143 S.W.3d 47, 55 (Mo.App. W.D.2004).

■ Garnishee argues that the trial court properly denied Garnishor's motion because in failing to file exceptions to Garnishee's answer to its interrogatories, Garnishor did not follow the procedures outlined in Missouri Rule of Civil Procedure 90.07(c), therefore abandoning his claim and causing the trial court to lose jurisdic-

tion over the garnishment proceedings. Garnishor contends that it did not abandon its garnishment action against Garnishee because it was not necessary to file exceptions to Garnishee's answer to its interrogatories because the Garnishee's answer supported the relief sought by the Garnishor.

■■■ "A garnishment action is a creature of statute in derogation of the common law." *Allison v. Tyson,* 123 S.W.3d 196, 200 (Mo.App. W.D.2003). Chapter 525 RSMo and Rule 90 of the Missouri Rules of Civil Procedure govern garnishment proceedings. "Strict compliance with the statutes and rules governing such actions is, therefore, essential to confer and support jurisdiction." *Id.* "A garnishor's failure to proceed as required by statute and rule constitutes abandonment or discontinuance of a garnishment proceeding, and the circuit court loses its jurisdiction to proceed." *Id.*

■■■ Rule 90.07(c) provides that "[t]he garnishor, within ten days after service of the garnishee's answer to interrogatories, shall file any exceptions to the interrogatory answers asserting any objections to the answers and *asserting all grounds upon which recovery is sought* . . . . " (emphasis added). If the garnishor does not timely file exceptions to the garnishee's interrogatory answers, the garnishee's answers to the interrogatories are conclusively binding against the garnishor. Rule 90.07(c). The garnishor may also deny the answer of the garnishee. Section 525.190. "If the answer of the garnishee be not excepted to nor denied in proper time, it shall be taken as to be true and sufficient." Section 525.210.

■■■ However, Garnishor argues that it did not abandon its garnishment proceeding, as it was not necessary to file exceptions to Garnishee's interrogatory answers

because Garnishee's answers supported the relief sought by Garnishor. *Countryman v. Seymour R–II Sch. Dist.,* 823 S.W.2d 515, 521 (Mo.App. S.D.1992). The garnishee's answers to the garnishor's interrogatories can support a final judgment against the garnishee only in the event that the answers contain an admission of the garnishee's liability to the judgment debtor. *Id.* Here, Garnishee denied each and every interrogatory of Garnishor. Garnishee's answers to Garnishor's interrogatories cannot be said to be an admission of its liability to North American.

Garnishor's failure to file exceptions or a denial to Garnishee's answers to its interrogatories constituted abandonment of its garnishment proceedings and, therefore, the trial court lost jurisdiction over the garnishment proceeding.

■■■ Garnishor's argument that Garnishee consented to and waived jurisdiction over the garnishment proceedings fails. Because a garnishment action is a proceeding *in rem,* the trial court's jurisdiction over the *res* cannot be waived or conferred by consent. *Beatty v. Conner,* 923 S.W.2d 455, 459 (Mo.App. W.D.1996). "Jurisdiction in a garnishment proceeding is extended as it proceeds by following the dictates of the statute." *Id.*

## Conclusion

Because the trial court lacked jurisdiction to rule upon Garnishor's petition we likewise lack jurisdiction to review an appeal from a ruling on that motion.

Appeal dismissed.

HAROLD L. LOWENSTEIN, Judge, and ROBERT G. ULRICH, Judge, concur.