JACOB R. BATES MANLEY, Plaintiff-Appellee, *v.* MAC FARMS, INC., Intervenor/Defendant-Appellant, *v.* THOMAS VOISS, Defendant and Third-Party Plaintiff-Appellant, and AKAMAI CORPORATION; HONOMALINO AGRICULTURAL COMPANY, INC., LANDS OF KAPUA, a Joint Venture; A. W. MORRISS III, and MIKE MINDER, Defendants and Third-Party Plaintiffs-Appellees, and HAP BUYER, Defendant and Third-Party Plaintiff, *v.* LOUIS·LESSOR, GARY N. CADWALLADER and LONNIE BROWN, Third-Party Defendants-Appellants

NO. 6900

and

JACOB R. BATES MANLEY, Plaintiff-Appellee, *v.* MAC FARMS, INC., Intervenor/Defendant-Appellee, *v.* THOMAS VOISS, Defendant and Third-Party Plaintiff-Appellee, and AKAMAI CORPORATION; HONOMALINO AGRICULTURAL COMPANY, INC., LANDS OF KAPUA, a Joint Venture; A. W. MORRISS III, Defendants and Third-Party Plaintiffs-Appellees, and HAP BUYER, Defendant and Third-Party Plaintiff, and MIKE MINDER, Defendant and Third-Party Plaintiff-Appellant, *v.* LOUIS LESSOR, GARY N. CADWALLADER and LONNIE BROWN, Third-Party Defendants-Appellees

NO. 6902

SEPTEMBER 9, 1980

HAYASHI, C.J., PADGETT AND BURNS, JJ.

*Per Curiam*. The issues in these two consolidated appeals arise out of an amended cross-claim filed by Defendant and Third-Party Plaintiff Thomas Voiss against Defendant and Third-Party Plaintiff Mike Mentor, aka Mike Minder. The court below denied judgment to Voiss. The issues raised here by the appeals are:

(1) Whether the court below erred in refusing to set aside a default entered against Minder, and

(2) Whether the court below erred in entering judgment in favor of Minder and against Voiss.

We answer both questions in the affirmative.

The present litigation began as a claim for commissions or a finder's fee in connection with a real estate transaction on the island of Hawaii. Appellee Minder was served with the complaint by registered mail at 100 Wilshire Boulevard, Santa Monica, California. He employed attorneys who filed an answer and other pleadings for him and who received service of and answered the original cross-claim filed by Voiss against him. On September 4, 1975, his counsel sent him a letter informing him of their intention to withdraw from the case by registered mail to 3600 Sweetwater Canyon, Malibu, California. He signed a return receipt for it. Thereafter, his counsel moved to withdraw as counsel and filed a certificate of service alleging that they had made service of the motion by mail to him at 22525 West Pacific Coast Highway, Malibu, California. There is no receipt to show that he received the same nor is there anything in the record to show whether the address was a residence, an office building or otherwise or what connection that address had to Minder. The motion to withdraw was granted in November.

In January of 1975, Voiss filed a motion to amend his cross-claim against Minder by adding unjust enrichment and alter-ego theories among others. There is no certificate of

service of this motion in the record. After the motion was granted, Voiss sent a copy of the amended cross-claim by registered mail without specifying "deliver to addressee only" to Minder at the 22525 West Pacific Coast Highway address. It was received there by one Joyce Doyle, whose connection to Minder does not appear in the record save for the fact that Minder states in an affidavit that she is not a member of his family and that he never received the amended cross-claim. In March, a default on the amended cross-claim was entered against Minder and in April, the case was tried. An affidavit from Voiss's California attorney asserts that Minder was informed of the trial date. It does not assert that the filing of an amended cross-claim was ever specifically mentioned to him.

After the trial, a motion to set aside the default was filed on Minder's behalf and denied by the court. The court then indicated that it would refuse to enter judgment for Voiss against Minder, on the ground that Voiss had failed to prove Minder's personal liability to him. Voiss's attorneys moved to be allowed to introduce evidence in support of his claim, relying on Rule 55(b)(2). The court denied the motion and entered judgment for Minder against Voiss.

Voiss concedes that the decision by the court below on the issue of fraud is conclusive against him for purposes of this appeal and that the only issues which could be heard below with respect to Minder are whether he was unjustly enriched and whether Akamai Corporation, a defendant against whom judgment was entered, was his alter-ego.

With respect to the issue of whether the court below erred in denying the motion to set aside the default, the question, as we noted in *Hupp v. Accessory Distributors, Inc.*, 1 Haw. App. 174, 616 P.2d 233 (1980), is whether the court below abused its discretion in applying the test set forth in *BDM, Inc. v. Sageco, Inc.*, 57 Haw. 73, 549 P.2d 1147 (1976). That test was

In general, a motion to set aside a default entry or a default judgment may and should be granted whenever the court finds (1) that the nondefaulting party will not be prejudiced by the reopening, (2) that the defaulting party

has a meritorious defense, and (3) that the default was not the result of inexcusable neglect or a wilful act.

57 Haw. at 77, 549 P.2d at 1150. Although the transcript of the trial below and of the motion hearing is not before us, given the result reached by the court below on the issue of liability in this case as well as the affidavits, clearly the first two tests in *Sageco* were met.

On the question of whether or not the default was the result of inexcusable neglect or a wilful act, it is axiomatic that once there has been a response to a pleading, that pleading cannot be amended without service of a motion to amend from the responding party. No proof of such service appears in the record.

Rule 5(b), *Hawaii Rules of Civil Procedure*, permits service of papers subsequent to an original pleading to be made on a party who has no attorney by mailing a copy to the addressee at his last known address, but there is no affidavit or other showing in the record that 22525 West Pacific Coast Highway, Malibu, California was Minder's last known address. The only thing in support thereof is the fact that his previous counsel's motion to withdraw was mailed to him there; but no receipt by him there is shown.

Moreover, the connection of the person who received the amended cross-claim to Minder is not shown in the record; nor does the record show that he ever received the pleading. The affidavit of Voiss's California counsel that he told Minder of the trial date does not suffice to cover this gap in the record since no one is obligated to appear at trial and defend against a claim unless that claim in the form of an appropriate pleading is properly served upon him. It might have been proved that 22525 West Pacific Coast Highway, Malibu was Minder's address or that the recipient was his employee or other agent but no attempt was made to do so. On the state of the record, we think the court below abused its discretion in denying the motion to set aside the default since inexcusable neglect or a wilful act in failing to respond to the amended cross-claim was not shown.

Turning to the issue raised by Voiss's appeal, basically he contends that while the court may have had discretion to

require him to make a *prima facie* case on the issues of unjust enrichment or alter-ego, he proceeded to trial in April with a default in the record and no notification from the court that any such showing was expected of him. Thus, this case is unlike *Hupp v. Accessory Distributors, Inc., supra,* where the trial judge made clear the requirement of proof of a *prima facie* case before the hearing.

We agree with Voisss's contention. He was entitled to be told by the court that it would require him to prove a case of liability. When he found out after the trial that the court was going to hold against him and in favor of Minder because he had not made such a showing, he seasonably moved for leave to adduce such proof. It was error to deny that motion.

Accordingly, we reverse the judgment below to allow Minder to enter an appropriate pleading to the amended cross-claim and, if he denies the allegations, for trial on the merits of the unjust enrichment and alter-ego claims.

*John A. Roney* for Thomas Voiss.

*William S. Chillingworth (Nakamoto, Yoshioka & Chillingworth* of counsel) for Mike Minder.