**Isabel PAGAN, Plaintiff,**

v.

**Otis R. BOWEN, Defendant.**

**No. 85–2052–Civ.**

United States District Court,
S.D. Florida,
Miami Division.

Jan. 23, 1987.

Adolfo Vila, Miami, Fla., for plaintiff.

Robert Rosenberg, Asst. U.S. Atty., Miami, Fla., for defendant.

MEMORANDUM DECISION
AND ORDER

SCOTT, District Judge.

THIS CAUSE is before the Court upon the Defendant's Motion to Alter or Amend Judgment. On January 7, 1987, the Court granted Plaintiff's application for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), in the amount of $1215.00. Defendant moves to alter the judgment by reducing the award from $1215.00 to $825.00.

The Defendant contends that the Court entered its order prematurely and as a result, not only was the Defendant denied the basic right to respond to Plaintiff's petition but the amount awarded by the Court was greater than that for which counsel had stipulated.[1] Defendant's con-

---

1. Late in the afternoon of January 7, 1987, after the Court had entered its order granting Plain-

tention that the Court "misapplied federal and local rules governing the right and time to respond" presents the Court with an opportunity to address the construction of Federal Rule of Civil Procedure 6(e) with Federal Rule of Civil Procedure 6(a)—an issue heretofore not addressed in any published opinion.

Rule 10 C. of the Local Rules of the United States District Court for the Southern District of Florida provides in pertinent part:

> Each party opposing a motion shall serve and file an opposing memorandum of law not later than ten days after service of the motion as computed in the *Federal Rules of Civil Procedure.*

When computing time under the Federal Rules of Civil Procedure, the day of the act, event, or default from which the period begins to run is excluded. Fed.R.Civ.P. 6(a). The last day of the period is included, unless it is a Saturday, Sunday, or legal holiday, in which case the period is extended to the first day that is not a Saturday, Sunday, or legal holiday. Fed.R.Civ.P. 6(a). When the time period is less than eleven days, Rule 6(a) excludes intermediate Saturdays, Sundays and legal holidays. According to Rule 6(e), whenever a party has the right or is required to do some act or take some proceeding within a prescribed period after the service of a notice or other paper upon him, and the notice or paper is served by mail, three days shall be added to the prescribed period.

■ When the original period is less than eleven days and the notice or paper is served by mail, the issue arises as to whether or not to add the three day period into the original period with the total treated as a single period for purposes of computation or to treat the three additional days allowed when service has been made by mail as a separate period. Apparently, Defendant contends that the additional three day period should be treated separately for computation purposes.[2] The Court, however, does not support the Defendant's method of calculation and determines that Rule 6(e) simply means that the three additional days allowed where service has been made by mail should be added to the original period and the total taken as the period for purposes of computation. *See* 4 Wright & Miller, *Federal Practice and Procedure: Civil* § 1171 (1969).

■ When three days are added to the ten days prescribed for filing an opposing memorandum under Local Rule 10 C., the Court arrives at a period of thirteen days. Calculating thirteen days from December 19, 1986, the certificate of service date in the present case, the Court determines that the last of the thirteen days fell on January 1, 1987. Since January 1, 1987 was a legal holiday under the Federal Rules, the final day for the Defendant to have filed his opposing memorandum was January 2, 1987. Thus, the Court did not enter its order prematurely as argued by the Defendant. Rather, the Court waited an additional four days in order to ensure that the Defendant was given an opportunity to respond before granting Plaintiff's petition by default as permitted under Local Rule 10 C.[3]

Although the Defendant did not file his opposing memorandum within the prescribed time period thereby permitting this Court to grant Plaintiff's motion by default pursuant to Local Rule 10 C., the Court will grant Defendant's motion in light of the stipulation by counsel for the parties. Accordingly, it is ORDERED AND ADJUDGED that Defendant's motion is

tiff's application for attorney fees, defense counsel's legal technician called and informed the Court that counsel for the parties were stipulating to attorney fees in the amount of $825.00.

**2.** The Court must assume that this is the Defendant's position because in his memorandum, the Defendant states that he had until January 8, 1987 to file a response. However, if the additional three day period is treated separately for computation purposes, then January 9, 1987 would have been the final day for taking action.

**3.** Local Rule 10 C. provides in pertinent part that "[f]ailure to [file an opposing memorandum] may be deemed sufficient cause for granting the motion by default."

GRANTED. It is FURTHER ORDERED that the Court's award of attorney fees in the amount of $1215.00 is reduced to $825.00.