837 P.2d 311 (1992)
KOREAN BUDDHIST DAE WON SA TEMPLE OF HAWAII, INC., Appellant-Appellee,
v.
ZONING BOARD OF APPEALS OF the CITY AND COUNTY OF HONOLULU and Donald A. Clegg, Director of Land Utilization of the City and County of Honolulu, Appellees-Appellants.
No. 15256.
Intermediate Court of Appeals of Hawaii.
May 22, 1992.
Reconsideration Denied June 8, 1992.
Certiorari Granted July 15, 1992.
Certiorari Dismissed October 9, 1992.
Donna M. Woo, Deputy Corp. Counsel, City and County of Honolulu, on the briefs, Honolulu, for appellees-appellants.
Wendell H. Marumoto, on the brief, Honolulu, for appellant-appellee.
Fred Paul Benco and Linda S. Birn, on the amicus curiae brief, Honolulu, for Concerned Citizens of Palolo.
*312 Before BURNS, C.J., HEEN, J., and SPENCER, Circuit Judge, Assigned by Reason of Vacancy.[*]
HEEN, Judge.
Appellees-Appellants Zoning Board of Appeals (ZBA) of the City and County of Honolulu (City) and Donald A. Clegg, Director of the City's Department of Land Utilization (DLU) (collectively, where appropriate, the Board), appeal from the March 22, 1991 order (Order) of the first circuit court reversing ZBA's denial (ZBA Order) of Appellant-Appellee Korean Buddhist Dae Won Sa Temple of Hawaii, Inc.'s (Temple) application for a variance from the City's zoning ordinances and remanding the matter to ZBA for rehearing and reconsideration.
Sua sponte, we hold that the circuit court was without jurisdiction to hear the appeal from the ZBA Order.[1] Consequently, we, too, are without jurisdiction. 4 Am. Jur.2d Appeal and Error § 9 (1962).
For several years the City and Temple had been at odds over Temple's alleged violations of the zoning regulations applicable to the property in Palolo Valley where Temple was constructing a cultural center building, an accessory building, and a gate structure, and Temple's alleged noncompliance with the plans approved by the City for the construction. The City had issued citations to Temple alleging that the cultural center building's height exceeded the maximum allowed under the City's Comprehensive Zoning Code (CZC) and that the accessory building and gate structure both intruded into the side yard setback area established for Temple's property by the City's Land Use Ordinance. Temple applied to DLU for a variance from the zoning regulations restricting the height of its cultural center building. DLU expanded the application to include the alleged encroachments by the accessory building and the gate structure. After a public hearing, DLU denied the variance. Temple appealed to ZBA. After public hearings, ZBA affirmed DLU's denial in an order entered on January 11, 1990. On February 16, 1990, Temple filed a notice of appeal in the circuit court.
On March 13, 1990, Board filed a motion in circuit court to dismiss Temple's appeal as untimely. Attached to the motion is an affidavit by ZBA's secretary averring that on January 12, 1990, she personally mailed *313 a certified copy of the ZBA Order to Temple's attorney at his business address. In an affidavit opposing the motion, Temple's attorney averred that he received the certified copy of the ZBA Order on January 17, 1990. Temple's attorney also averred that in a conversation with ZBA's secretary he was informed that the certified mail receipt in her possession confirmed the January 17, 1990 delivery date. On July 6, 1990, after a hearing, the circuit court entered an order denying the motion (Order of Denial).
Temple's appeal to the circuit court was heard on November 26, 1990. On March 22, 1991, the circuit court entered the Order, and on April 3, 1991, Board appealed.
In this court, Board has not continued its jurisdictional attack.[2] However, we are obligated to insure that we have jurisdiction to hear and determine each case. State v. Kam, 69 Haw. 483, 748 P.2d 372 (1988). Our examination of the record indicates that Temple's notice of appeal from the ZBA Order was untimely.
In the Order of Denial, the circuit court did not specify the grounds for denying Board's motion to dismiss. However, the record contains the following minute order:
MINUTE ORDER: APRIL 3, 1990
MOTION DENIED: THE ZBA IS AN ADMINISTRATIVE AGENCY OF THE CITY & COUNTY OF HONOLULU. ITS FINAL DECISION WAS ADOPTED ON 1/11/90. ANY APPEAL THEREFROM MUST FOLLOW HRS SECTION 91-14(B) AND BE "INSTITUTED IN THE CIRCUIT COURT ... WITHIN THIRTY DAYS AFTER SERVICE OF THE CERTIFIED COPY OF THE FINAL DECISION AND ORDER OF THE AGENCY PURSUANT TO RULE OF COURT...."
HERE, SERVICE WAS BY MAILING ON 1/12/90. THE MAILING WAS RECEIVED ON 1/17/90. AN APPEAL WAS FILED ON 2/16/90. APPELLANT RELIES ON HRCP 72(B) WHICH GOVERNS TIMELINESS OF THE APPEAL AND STATES THAT A NOTICE OF APPEAL SHALL BE FILED IN CIRCUIT COURT "WITHIN THIRTY DAYS AFTER THE PERSON DESIRING TO APPEAL IS NOTIFIED ... IN THE MANNER PROVIDED BY STATUTE." APPELLANT WAS NOT NOTIFIED UNTIL 1/17/90 WHEN HE RECEIVED THE FINAL ZBA DECISION AND ORDER. IT FOLLOWS THAT THE APPEAL IS THEREFORE TIMELY.
ALL PARTIES NOTIFIED. MR. MARUMOTO TO PREPARE THE ORDER. [Emphasis in original.]
The essence of the Order of Denial is that under Rule 72(b), Hawaii Rules of Civil Procedure (HRCP) (1980), the 30-day period for filing the notice of appeal under Hawaii Revised Statutes (HRS) § 91-14(b) (1985) begins when the notice of an administrative agency decision is actually received. As we will discuss below, the Order of Denial is contrary to the clear legislative intent of HRS § 91-14(b).
We state, first, the principles of law applicable to administrative appeals. The right to appeal from an administrative agency's decision is limited by the Hawaii Administrative Procedure Act, HRS, chapter 91. In re Eric G., 65 Haw. 219, 649 P.2d 1140 (1982). The law requires strict compliance with statutes creating the right to appeal from administrative agency decisions. DelVecchio v. Department of Income Maintenance, 18 Conn.App. 13, 555 A.2d 1007 (1989). See In re Tax Appeal of Lower Mapunapuna Tenants Ass'n, 73 Haw. 63, 828 P.2d 263 (1992). The time established by a statute for filing an appeal is mandatory, see In re Tax Appeal of Fasi, 63 Haw. 624, 634 P.2d 98 (1981), and the timely filing of a notice of appeal is fundamental to the court's jurisdiction to review an agency's decision. 2 Am.Jur.2d, Administrative Law § 718 (1962); see Life of the Land, Inc. v. Land Use Comm'n, 61 Haw. 3, 594 P.2d 1079 (1979). Where the statutory time requirement for filing a notice *314 of appeal has not been met, the appeal must be dismissed. Donis v. Board of Examiners, 207 Conn. 674, 542 A.2d 726 (1988).
The Order of Denial misconstrued the relationship between HRS § 91-14(b) and Rule 72(b), HRCP.
HRS § 91-14(b) reads as follows:
(b) Except as otherwise provided herein, proceedings for review shall be instituted in the circuit court within thirty days after the preliminary ruling or within thirty days after service of the certified copy of the final decision and order of the agency pursuant to rule of court except where a statute provides for a direct appeal to the supreme court, which appeal shall be subject to chapter 602, and in such cases the appeal shall be in like manner as an appeal from the circuit court to the supreme court, including payment of the fee prescribed by section 607-5 for filing the notice of appeal (except in cases appealed under sections 11-51 and 40-91). The court in its discretion may permit other interested persons to intervene.
Rule 72(b), HRCP, provides as follows:
(b) Time. The notice of appeal shall be filed in the circuit court within 30 days after the person desiring to appeal is notified of the rendering or entry of the decision or order, or of the action taken, in the manner provided by statute.
Rule 72(b), HRCP, provides that the notice of appeal from the administrative agency decision must be filed within 30 days after notification of the agency's final decision "in the manner provided by statute." The statute, HRS § 91-14(b), provides that service of the agency decision shall be "pursuant to rule of court." The language of HRS § 91-14(b) clearly indicates that the legislature intended that the manner of service generally provided for by HRCP would govern service of the certified copy of the agency decision under HRS § 91-14(b). The legislative history of HRS § 91-14(b) indicates the statute was intended to conform to HRCP. Hse.Stand.Comm. Rep. No. 8, in 1961 House Journal at 653, 660.
The HRCP provisions regarding service clearly establish the date of mailing as the date of service. Thus, Rule 5(b), HRCP, allows service by mail of all pleadings and papers after the original complaint and summons, see Manley v. Mac Farms, Inc., 1 Haw.App. 182, 616 P.2d 242 (1980), and also provides that service by mail is complete upon mailing. In order to ensure that service by mail does not create too much hardship on the party being served, Rule 6(e), HRCP, provides that when service is made by mail of a notice requiring the recipient to perform a certain act or undertake a proceeding within a prescribed period of time after service, the recipient has an additional two days to perform the service.
In Life of the Land, the supreme court addressed the timeliness of a notice of appeal under HRS § 91-14(b) and stated:
HRS § 91-14(b) (1975) states:
Except as otherwise provided herein, proceedings for review shall be instituted in the circuit court within thirty days after the preliminary ruling or within thirty days after service of the certified copy of the final decision and order of the agency.... (Emphasis provided).
The April 22, 1965, Oneula Decision and Order of the LUC was received by appellant on April 29, 1975, presumptively having been mailed by the LUC on April 28, 1975. Appellant's notice of appeal to the circuit court was filed on May 28, 1975.
The May 21, 1975, Ewa decision was received by appellant on June 5, 1975, presumptively having been mailed by the LUC on June 4, 1975. Appellant's notice of appeal was filed on July 3, 1975.
Both appeals were filed within thirty days after service of the LUC decisions as provided by HRS § 91-14(b) (1975).
We find appellant's appeals timely.
61 Haw. at 10-11, 594 P.2d at 1083-84.
Life of the Land confirms our conclusion that service of the certified copy of an administrative agency's decision is complete when the certified copy is deposited in *315 the mail. In Life of the Land, both notices of appeal were filed within 30 days of the appellants' receipt of the agency's decision. Nothing in the opinion indicates the exact date when the decisions were mailed. If receipt of the notice marked the beginning point of the 30-day appeal period, the supreme court could, without more, have held that the notices of appeal were timely filed. Instead, the supreme court, purposefully in our view, presumed that the mailings occurred one day before the decisions were received. The presumption clearly indicates that the supreme court considered that the period for filing an appeal under HRS § 91-14(b) began on the date of mailing.
In the instant case, the certified copy of the ZBA Order was mailed on January 12, 1990. The thirtieth day after mailing was February 11, 1990, which, however, was a Sunday. Therefore, the appeal period was extended to Monday, February 12, 1990. Rule 6(a), HRCP.[3] Under Rule 6(e), HRCP, Temple was required to file the notice of appeal no later than February 14, 1990. The notice of appeal was filed on February 16, 1990, two days late.
We remand this matter to the circuit court with instructions to enter an order vacating the Order and dismissing the appeal.
NOTES
[*] Circuit Judge Spencer was assigned to sit in the case prior to Watanabe, J., becoming a member of the Intermediate Court of Appeals.
[1] This court has jurisdiction to determine whether the circuit court had jurisdiction over the subject matter of the appeal. 4 Am.Jur.2d Appeal and Error § 9 (1962).
[2] On July 16, 1991, the supreme court granted a motion to intervene as amicus curiae filed by Concerned Citizens of Palolo. In their amicus brief, Concerned Citizens raise a jurisdictional issue, but on different grounds.
[3] The pertinent provisions of Rule 6(a), Hawaii Rules of Civil Procedure (1990) read as follows:

Rule 6. TIME.
(a) Computation. In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included unless it is a Saturday, a Sunday or a holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday or a holiday.