60 P.3d 298

**Alphonso D. RIVERA, Plaintiff–Appellant,**

v.

**DEPARTMENT OF LABOR AND IN-DUSTRIAL RELATIONS, Employment Security Division, AOAO Evergreen Terrace c/o Certified Management, Inc., Defendants–Appellees,**

and

**Doe Entities 1–10, Defendants.**

No. 24827.

Supreme Court of Hawai'i.

Dec. 26, 2002.

1. The Honorable Eden Elizabeth Hifo presiding.

Carl M. Varady, Honolulu, for Plaintiff–Appellant, Alfonso D. Rivera, Jr.

Li–Ann Yamashiro, Deputy Attorney General, for Defendant–Appellee, Department of Labor and Industrial Relations.

Philip S. Uesato, of Ayabe Chong Nishimoto Sia & Nakamura, Honolulu, for Defendant–Appellee, AOAO Evergreen Terrace.

MOON, C.J., LEVINSON, NAKAYAMA, and RAMIL, JJ., and ACOBA, J., dissenting.

Opinion of the COURT by RAMIL, J.

Plaintiff Appellant Alphonso D. Rivera appeals in this secondary appeal from a circuit court judgment dismissing his agency appeal. Rivera filed an agency appeal with the circuit court[1] pursuant to Hawai'i Revised Statutes ("HRS") § 91–14, appealing a decision of the Department of Labor and Industrial Relations ("DILR") disqualifying Rivera from un-

employment benefits because he quit his employment with AOAO Evergreen Terrace ("Evergreen") without good cause. The circuit court dismissed the appeal as untimely. Judgment was entered on December 11, 2001. Notice of appeal from the judgment was filed timely by Rivera on January 9, 2002, within the thirty-day period for appeal prescribed by Hawai'i Rules of Appellate Procedure ("HRAP") 4(a)(1). Oral argument was heard before this court on November 13, 2002. Upon carefully reviewing the record and briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we affirm the circuit court's order and judgment dismissing Rivera's agency appeal.

## I. BACKGROUND

Rivera filed a claim for Unemployment Insurance benefits. The Unemployment Insurance Division, DLIR, determined that Rivera was disqualified for benefits for quitting his employment without good cause.

Rivera appealed from that determination to the Employment Security Appeals Office ("Appeals Office"). A hearing was held by the Appeals Office on June 21, 2001, at which Rivera was represented by counsel. The Appeals Office mailed Decision No. 0101196 to Rivera on July 5, 2001, affirming the Department's determination. A document entitled "Important—Further Appeal Rights" was attached to Decision No. 0101196, informing the parties of their rights to request reopening of the case or to appeal, and stating that the appeal must be filed within 30 days from the mailing or delivery date of the decision. Rivera, through counsel, filed his Notice of Appeal to the circuit court on August 7, 2001, the thirty-third day after the mailing of the Appeals Office decision. The circuit court dismissed the appeal as untimely.

## II. STANDARD OF REVIEW

 The question of whether a court has jurisdiction over a case is a question of law

that we review under the right/wrong standard. *State v. Ontiveros*, 82 Hawai'i 446, 448, 923 P.2d 388, 390 (1996).

## III. DISCUSSION

 Appeals from the decisions of the Appeals Office are authorized by HRS § 383–41. That statute provides that judicial review of a decision of the referee shall be instituted in the manner provided in HRS chapter 91. HRS § 91–14(b) provides in relevant part:

> (b) . . . proceedings for review shall be instituted in the circuit court within thirty days . . . after service of the certified copy of the final decision and order of the agency *pursuant to rule of court* . . . .

(Emphasis added.) The statute is mandatory with respect to commencement of review proceedings within the time prescribed.

The "rules of court" applicable in this appeal are Hawai'i Rules of Civil Procedure ("HRCP") Rules 5(b)(3), 6(a), 6(e), and 72(b). HRCP Rule 72(b), like HRS section 91–14(b), requires filing of an appeal within 30 days.[2]

HRCP Rule 5(b)(3), states that service is complete upon mailing. When service is by mail, as in the instant case, HRCP Rule 6(e) operates to provide the parties two additional days to file a notice of appeal:

> (e) Additional Time After Service by Mail. Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, 2 days shall be *added to the prescribed period.*

(Emphasis added.) HRCP Rule 6(a) provides relief when the last day to take the prescribed action falls on a weekend or holiday:

> (a) Computation. In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or

---

**2.** HRCP Rule 72(b) provides in relevant part:
(b) Time. The notice of appeal shall be filed in the circuit court within 30 days after the person desiring to appeal is notified of the rendering or entry of the decision or order, or of the action taken, *in the manner provided by statute.* (Emphasis added.)

default after which the designated period of time begins to run shall not be included. *The last day of the period so computed shall be included unless it is a Saturday, a Sunday or a holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday or a holiday.* When the period of time prescribed or allowed is less than 7 days, intermediate Saturdays, Sundays and holidays shall be excluded in the computation. As used in this rule, "holiday" includes any day designated as such pursuant to section 8–1 of the Hawai'i Revised Statutes.

(Emphasis added.)

With the foregoing rules in mind, we now turn to the facts of this case. Here, the decision from which appeal was sought, Appeals Office Decision No. 0101196, was mailed on July 5, 2001. The thirtieth day thereafter was Saturday, August 4, 2001. Because the Appeals Office decision was served by mail, HRCP Rule 6(e) is triggered. Thus, the party receiving the mail is provided two additional days to file the notice of appeal. *See* HRCP Rule 6(e) ("2 days shall be *added to the prescribed period.*"); *Cf. Price v. Zoning Board of Appeals,* 77 Hawai'i 168, 171, 883 P.2d 629, 632 (1994) ("In computing the period of time prescribed by HRCP 72, the day of the act after which the designated period of time begins to run is excluded." HRCP 6(a) (1990). The [agency] mailed its final decision and order on August 5, 1991. Under HRCP 5(b) (1990), service by mail is a permissible method of service and is "complete upon mailing." Thus, the statutory thirty day period within which the Prices were required to file a notice of appeal to the circuit court commenced on August 6, 1991, the day after mailing. Pursuant to HRCP 6(e) (1990), the Prices were entitled to add two days to this prescribed period, by virtue of the [agency's] effecting service by mail. Thus, the Prices were accorded thirty-two days, commencing on August 6, 1991, within which to file their notice of appeal."). The thirty-second day after service was Monday, August 6, 2001. Rivera filed the notice of appeal to the circuit court on Tuesday, Au-

gust 7, 2001. The notice of appeal was filed a day late, which is beyond the prescribed period. Accordingly, we hold that the notice of appeal was untimely.

Rivera contends that the appeal was timely because HRCP Rule 6(a) would allow him until Monday, August 6, 2001, and since the Appeals Office decision was mailed, HRCP Rule 6(e) would further extend the period by two days to Wednesday, August 8, 2001, allowing him a total of thirty-four days to appeal. His notice of appeal was filed on the thirty-third day after service of the Appeals Office decision.

Rivera's contention is based upon his reliance on the opinion of the Intermediate Court of Appeals (ICA) in *Korean Buddhist Dae Won Sa Temple v. Zoning Board of Appeals,* 9 Haw.App. 298, 837 P.2d 311, *recon. denied,* 9 Haw.App. 659, 833 P.2d 98 (1992). Rivera extrapolates from *Korean Buddhist Temple* that, in assessing the time for the appeal in this case, HRCP Rule 6 mandates: (1) that a responsive action be taken the first non-holiday weekday after a Saturday, Sunday, or holiday; and (2) that, where service is by mail, two additional days are added to the foregoing. In *Korean Buddhist Temple,* the ICA applied the rules at issue as follow:

> In the instant case, the certified copy of the [agency's] Order was mailed on January 12, 1990. The thirtieth day after mailing was February 11, 1990, which, however, was a Sunday. Therefore, the appeal period was extended to Monday, February 12, 1990. Rule 6(a), HRCP. Under Rule 6(e), HRCP, Temple was required to file the notice of appeal no later than February 14, 1990. The notice of appeal was filed on February 16, 1990, two days late.

9 Haw.App. at 305–06, 837 P.2d at 315. Because the dispositive issue in *Korean Buddhist Temple* was not the application of HRCP Rules 6(a) and 6(e), but, rather, the determination of whether the mailing or the receipt of the agency's order triggered the running of the time for appeal, the language upon which Rivera relies is dictum.[3]

---

**3.** In *Korean Buddhist Temple,* Appellees–Appellants Zoning Board of Appeals ("ZBA") of the

City and County of Honolulu ("City") and the Director of the City's Department of Land Uti-

Appellant Rivera's proposed application of HRCP Rules 6(a) and 6(e) flies in the face of the plain language of the rules. HRCP Rule 6(e) was put in place to alleviate any unfairness that might be caused by transmission by mail.[1] The plain language of the rule requires that the two days be added to the "prescribed period." The period prescribed by HRS § 91–14(b) is thirty days. Accordingly, under the facts of the instant case, the prescribed period is thirty days and the time allowed by the rules is an additional two days by operation of HRCP Rule 6(e), for a total of thirty-two days. Only when the last day of the allowed period falls on a Saturday, Sunday, or a holiday will HRCP Rule 6(a) become operable.

Rivera also contends that the circuit court was persuaded by Appellees to disregard *Korean Buddhist Temple*, in favor of *dicta* found in *Waikiki Marketplace Investment Co. v. Chair of Zoning Board of Appeals*, 86 Hawai'i 343, 949 P.2d 183 (App.1997). In *Waikiki Marketplace*, the ICA considered one issue: how to determine when an administrative decision had been "served" when there was no proof of mailing in the agency's file. The ICA expressly considered *Korean Buddhist Temple*, citing, with approval, the very passage quoted above, *see supra*, regarding the application of HRCP Rules 6(a) and (e). Nonetheless, in a hypothetical regarding the facts before it, the *Waikiki Marketplace* court speculated that:

> [E]ven if Appellees were able to prove that the DLU Order was mailed on August 27, 1991, HRCP Rule 6(e) would authorize Appellant thirty-two days within which to file an appeal. The thirty-second day after August 27, 1991 was Saturday, September

---

[1] lization ("DLU") (collectively, where appropriate, the Board), appealed from the first circuit court's order reversing the ZBA's denial ("ZBA Order") of Appellant–Appellee Korean Buddhist Dae Won Sa Temple of Hawai'i, Inc.'s ("Temple") application for a variance from the City's zoning ordinances and remanding the matter to ZBA for rehearing and reconsideration. 9 Haw. App. at 300, 837 P.2d at 312. The ICA, *sua sponte*, held that the circuit court was without jurisdiction to hear the appeal from the ZBA Order. *Id.* The ICA then held that, consequently, it also has no jurisdiction over the matter. *Id.*

The Temple applied to the DLU for a variance from the zoning regulations restricting the height of its cultural center building. *Id.* After a public hearing, the DLU denied the variance. *Id.* at 300–01, 837 P.2d at 312. The Temple appealed to the ZBA. *Id.* at 301, 837 P.2d at 312. After public hearings, the ZBA affirmed the DLU's denial in an order entered on January 11, 1990. *Id.* On February 16, 1990, the Temple filed a notice of appeal in the circuit court. *Id.*

The Board filed a motion in the circuit court to dismiss the Temple's appeal as untimely, based on the fact that ZBA's secretary personally *mailed* a copy of ZBA's order to the Temple's attorney on January 12, 1990, thereby rendering Temple's filing of appeal late, pursuant to the period prescribed by HRCP Rule 72(b) and HRS § 91–14. *Id.* at 301, 837 P.2d at 312–13. In opposing the motion, the Temple's attorney averred that the time within which to appeal began at the time of the Temple's *receipt* of the ZBA order on January 17, 1990, thereby rendering the Temple's filing of appeal within the prescribed 30–day period. *Id.* at 301, 837 P.2d at 313. After a hearing, the circuit court entered an order denying the Board's motion to dismiss (Order of Denial). *Id.*

The circuit court's Order of Denial essentially held that, under HRCP Rule 72(b), the 30–day period for filing the notice of appeal under HRS § 91–14(b) began when the notice of an administrative agency decision was actually received. *Id.* at 302, 837 P.2d at 313. Disagreeing, the ICA held that the circuit court was without jurisdiction to hear the appeal from the ZBA's Order, because the service of the certified copy of an administrative agency's decision was complete when the certified copy was deposited in the mail, not when it was actually received. *Id.* at 305, 837 P.2d at 315. As such, the Temple's notice of appeal, which was filed on the thirty-fifth day after the ZBA's order was mailed, was untimely. Accordingly, the ICA remanded the matter to the circuit court with instructions to enter an order vacating the latter's Order of Denial and dismissing the Temple's appeal for lack of jurisdiction. *Id.* at 303, 837 P.2d at 315.

4. Professors Wright and Miller have commented that the counterpart Rule 6(e) of the Federal Rules of Civil Procedure ("FRCP"), which provides an additional three days to take action where service has been made by mail,

> clearly is intended to protect parties who are served notice by mail from suffering a systematic diminution of their time to respond through the application of Rule 5(b), which provides that service is complete upon mailing, not receipt; the additional three days provided by Rule 6(e) to the party being served represent a reasonable transmission time, and a fair compromise between the harshness of measuring strictly from the date of mailing and the indefiniteness of attempting to measure from the date of receipt, which in many cases would be unverifiable.

4A C. Wright & A. Miller, *Federal Practice and Procedure:* Civil 2d § 1171, at 514–15 (1987).

28, 1991, a weekend date. Pursuant to HRCP Rule 6(a), therefore, the due date for Appellant's appeal would have been extended to Monday, September 30, 1991. *Waikiki Marketplace's* application of the rules in its *dicta* may have been inconsistent with the method that the ICA impliedly announced in *Korean Buddhist Temple*, but, in our view, it was correct as being more consistent with the plain language of the rules.[5]

Accordingly, we hold that, when HRCP Rule 6(e) is triggered, *i.e.*, when service is effected by mail, HRCP Rule 6(e) is applied instantly to extend the *original* prescribed period for action by two days.[6] When the last day of the *extended* prescribed period falls on a Saturday, Sunday or holiday, it is only then that HRCP Rule 6(a) becomes operable, such that the prescribed period runs until the end of the next day that is not a Saturday, a Sunday, or a holiday.[7]

Here, two days would be added to the thirty days, and thirty-two days would be counted from July 5, 2001, the date the decision of the referee was mailed. The thirty-

second day—Monday, August 6, 2001—was a regular business day. Because the last day of the extended prescribed period was Monday, August 6, 2001, which was a regular business day, HRCP Rule 6(a) was not triggered in this case, and August 6, 2001 was the deadline for appeal.

## IV. *CONCLUSION*

Based on the foregoing, we hold that Rivera's appeal was untimely. As such, the circuit court did not err by granting Appellees's motion to dismiss for lack of jurisdiction.

The circuit court's judgment is hereby affirmed.

Dissenting Opinion of ACOBA, J.

I write separately for two reasons. First, as to the merits of the case, I believe we should construe ambiguous rules in favor of resolving matters on the merits of the case. Accordingly, I must respectfully dissent from the holding in this case for the reasons set forth in Part I, *infra*. But second, I favor

---

5. The method of computation that we adopt today is regarded by Professors Wright and Miller, in their discussion of FRCP Rule 6(e), as the "better view":

> When the original period is eleven days or more, the three additional days allowed when service has been made by mail should be added to the original period, rather than treated as a separate period, and the total treated as a single period for purposes of computation. This simplifies computation and accomplishes adequately the purpose of Rule 6(e), which is to protect parties served by mail from suffering a systematic diminution of their time to respond. Thus, suppose that thirty days normally are given to perform a particular act following service of a notice, and the thirtieth day would fall on a Sunday if the party were served personally. It has been argued under state provisions similar to Rule 6(e) that if service is made by mail, the original thirty-day period is then *extended to Monday* and the three-day addition then makes Thursday the final day for taking action. *The better view, however, is that there is simply one thirty-three day period and that the thirty-third day, Wednesday, is the final day of the extended period.*

4B C. Wright & A. Miller, *Federal Practice and Procedure:* Civil 3d § 1171 (3d ed.2002). Although FRCP Rule 6(e) differs from HRCP 6(e) in the number of days allowed when service is made by the mail, such that the State rule allows only two additional days rather than the three

Federal days, this difference is insignificant for the purposes of our discussion.

6. *Accord, In re Iofredo Estate,* 241 Minn. 335, 63 N.W.2d 19 (1954) (holding that, under statute providing that appeal may be taken within 30 days after service of notice of filing of probate court order and that notice of appeal shall be served as in civil actions in district court, and under Rules of Civil Procedure governing civil actions in district court and providing for 3 days additional time to prescribe period where service is made by mail, party served by mail has 33 days in which to appeal to district court unless last day falls on Sunday or legal holiday in which event the period runs until the end of the next day which is neither a Sunday nor a holiday); *Pagan v. Bowen,* 113 F.R.D. 667, 668 (S.D.Fla. 1987) (stating that FRCP Rule 6(e) simply means that the 3 additional days allowed where service has been made by mail should be added to the original period and the total taken as the period for purposes of computation (citing 4 Wright & Miller, *Federal Practice and Procedure:* Civil §§ 1171 (1969))).

7. Our holding today does not disturb and is consistent with the central holding of *Korean Buddhist Temple:* mailing of the agency's order begins the running of the time for appeal. 9 Haw. App. at 305, 837 P.2d at 315. However, to the extent that the dictum of *Korean Buddhist Temple* is inconsistent with the reasoning of this opinion, *it is overruled.*

the process in which we heard oral argument in this case, and discuss the benefits of oral argument in Part II, *infra.*

### I.

As a general matter, this court interprets a rule in the same manner as a statute. *See Dorrance v. Lee,* 90 Hawai'i 143, 145, 976 P.2d 904, 907 (1999) ("The interpretation of a rule promulgated by the courts involves principles of statutory construction." (Quoting *Cresencia v. Kim,* 85 Hawai'i 334, 335, 944 P.2d 1277, 1278 (1997).)). Thus, "[w]hen there is doubt, doubleness of meaning, or indistinctiveness or uncertainty of an expression used in a statute [or rule], an ambiguity exists." *Gray v. Administrative Dir. of the Court,* 84 Hawai'i 138, 148, 931 P.2d 580, 590 (1997). Plaintiff–Appellant Alfonso D. Rivera, Jr. (Appellant) argues that Hawai'i Rules of Civil Procedure (HRCP) Rule 6 is ambiguous as to whether HRCP Rule 6(e) applies exclusively of Rule 6(a), or whether Rule 6(a) and Rule 6(e) are to be consecutively applied in a situation where an order is served by mail and a holiday or weekend intervenes.

Appellant notes that section 6(a),[1] which comes first in the order of the sections listed in Rule 6, states that, when the last day of the relevant period, in this case, thirty days, falls on a weekend or is a holiday, the period for doing the subject act will be extended to the next working day. Rule 6(e),[2] which follows Rule 6(a), states that, when the order is served by mail, two days will be added to the "prescribed period." Accordingly, Appellant, applying sections 6(a) and 6(e) in the order in which they appear, posited that, if the last day of the prescribed period ends on a weekend or holiday, the period is extended to the next business day, and pursuant to

Rule 6(e), when service is done by mailing, two more days are tacked on to the prescribed period. In their construction of the parallel Federal Rules of Civil Procedure (FRCP) Rule 6, Wright and Miller acknowledge that some state courts adopt the same construction of Rule 6 advocated by Appellant. *See* 4B C. Wright & A. Miller, *Federal Practice and Procedure: Civil 3d* § 1171 at 595–96 (3d ed.2002) [hereinafter *"Federal Practice"*] ("It has been argued under state provisions similar to Rule 6(e) [that the period is extended to the next working day and then the mail rule is applied.]").

Appellant also observes that his interpretation best fulfills the purpose of the Rule 6(e) "mail rule," inasmuch as it grants two days beyond the prescribed period available for a non-mailed filing. Under the majority's interpretation, an appellant to whom a filing had been mailed may receive no additional days beyond what a non-mailed appellant would receive. For example, under the majority's analysis, if the thirtieth day falls on a Saturday, the date for filing is extended to the next Monday under both Rules 6(a) and 6(e). This construction of the rules, however, would penalize a party who has received the notice by mail, presumably several days later, and, thus, has had less time to review the decision than a party who is not served by mail. This contravenes the purpose and intent of Rule 6(e). *Cf. Kessler Inst. for Rehab. v. National Labor Relations Bd.,* 669 F.2d 138 (3rd Cir.1982) ("Without such an allowance, a party would be penalized by being allotted less time to complete his task merely because his adversary chose to use the mail.").

In this regard, in light of the ambiguity of Rule 6, Appellant's interpretation is neither

---

**1.** Rule 6(a) states in pertinent part:

In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run shall not be included. *The last day of the period so computed shall be included unless it is a Saturday, a Sunday or a holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday or a holiday.*

(Emphasis added.).

**2.** Rule 6(e) states:

Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and *the notice or paper is served upon him by mail, 2 days shall be added to the prescribed period.*

(Emphasis added.).

unreasonable nor absurd.[3] *See Mahiai v. Suwa*, 69 Haw. 349, 351, 742 P.2d 359, 362 (1987) ("Courts will not adopt an interpretation of a rule which would lead to an absurd result."). Here, if applied first, HRCP Rule 6(a) extends the prescribed period to Monday, August 6, 2001. Then utilizing HRCP Rule 6(e), two more days would be appended, extending the final deadline to Wednesday, August 8, 2001. Under this construction of HRCP Rule 6, Appellant's appeal to the circuit court would be timely.

The Intermediate Court of Appeals (ICA) has applied Rule 6 in the same way. Posing a similar factual situation, the ICA applied Rule 6(a) first. Inasmuch as the last day of the prescribed period fell on a Sunday, the ICA indicated two additional days should be added to the relevant time pursuant to Rule 6(e) because service had been accomplished by mail:

> In the instant case, the certified copy of the ... order was mailed on January 12, 1990. The thirtieth day after mailing was February 11, 1990, which, however, was a Sunday. Therefore, the appeal period was extended to Monday, February 12, 1990. Rule 6(a), HRCP. Under Rule 6(e), HRCP, [appellant] was required to file the notice of appeal no later than February 14, 1990.

*Korean Buddhist Dae Won Sa Temple v. Zoning Bd. of Appeals*, 9 Haw.App. 298, 305–06, 837 P.2d 311, 315, *reconsideration denied*, 9 Haw.App. 659, 833 P.2d 98 (1992). Under this analysis, Appellant conformed to case law existing at the time in determining that, when an order is mailed, Rule 6(a) would be applied first, followed by Rule 6(e). *But see Waikiki Marketplace Inv. Co. v. Chair of Zoning Bd. of Appeals*, 86 Hawai'i 343, 949 P.2d 183 (1997) (applying a contrary view of HRCP Rule 6). The decision in *Price v. Zoning Bd. of Appeals*, 77 Hawai'i 168, 171, 883 P.2d 629, 632 (1994), adds little to this discussion as it did not involve the question of what occurs when the final day of the thirty-day period falls on a holiday or weekend.

I do not believe the construction given the federal rule should be applied to our rule. *See* C. Wright & A. Miller, *Federal Practice*, *supra*, at 595–96 ("there is simply one thirty-three day period and that the thirty-third day ... is the final day of the extended period"). Under this interpretation of the federal rule, it was acknowledged that some state courts differ from the federal courts and apply the rule in the same way as Appellant espouses. *See id.* Moreover, in the construction of FRCP Rule 6, apparently no consideration was given to the proposition that cases should be decided on their merits.

On the other hand, we favor adjudication on the merits of the case. *See Shasteen, Inc. v. Hilton Hawaiian Village Joint Venture*, 79 Hawai'i 103, 107, 899 P.2d 386, 390 (1995) (this court prefers "giving parties an opportunity to litigate claims or defenses on the merits"). Hence, we should construe Rule 6 in consonance with this principle. Accordingly, I would vacate the circuit court's determination that Appellant's appeal was untimely and remand with instructions to the circuit court of the first circuit to treat the appeal as timely and to decide the appeal accordingly.

## II.

Because this case arose from our expedited oral argument (EOA) calendar, I take this opportunity to discuss EOA. EOA procedures were proposed by Justice Ramil and implemented on July 3, 2002 on an experimental basis. Thus, the continuance of the EOA calendar rests on the good faith of a majority of the justices to the values of oral argument. The purpose of these proceedings was to mitigate delay by resolving cases identified for summary disposition orders (SDO) that would be appropriate for oral argument. Attorneys who have since appeared on the expedited oral argument calendar have remarked that they appreciated the opportunity to argue before this court. *See In re Doe Children*, No. 24376, 98 Hawai'i 507, 51 P.3d 374 (July 25, 2002) (SDO) (Joseph A. Dubiel was "glad that [the court was

---

3. Moreover, analysis of the federal rules is distinguishable, insofar as FRCP Rule 6(e) grants a *three* day extension when service is by mail. *See* FRCP Rule 6(e). A three day period spans most weekends and holidays, thus alleviating any problem when the thirtieth day falls on a holiday. Under HRCP Rule 6(e), however, a two-day period does not span a weekend and a holiday.

having] oral argument, [and] so thank[ed the court] for that."); *State v. Bundy*, No. 23857, 98 Hawai'i 498, 50 P.3d 974 (July 9, 2002) (SDO) (Steven B. Songstad remarked, "Your Honors, it was pretty good to be here."); *State v. Ferreira*, No. 24069, 98 Hawai'i 498, 50 P.3d 974 (July 9, 2002) (SDO) (Craig T. Kimsel "appreciate[d] the opportunity [to be] here.").

Although the EOA calendar was meant to address cases with SDO characteristics, some of the cases heard have presented significant questions of laws. Therefore, the EOA calendar has given rise to published opinions, as in this case. *See also Bauernfiend v. Association of Apartment Owners of Kihei Beach Condominiums*, 99 Hawai'i 281, 54 P.3d 452 (2002). Oral argument then has illuminated issues not evident from the briefs that would not have been otherwise discovered. The EOA calendar has also provided cases as to which two members of this court believed publication was warranted, although the majority voted against publication. *See State v. Bush*, No. 24808, 2002 WL 31302086 (October 11, 2002) (SDO) (Acoba, J., dissenting) (noting "that requiring a waiver-of-jury-trial colloquy would remove many issues raised in these cases ... [and that the] questions raised in this appeal will continue to arise in future cases unless the colloquy is made mandatory"); *id.* (Ramil, J., dissenting) ("This case exemplifies the problems associated with the lack of a standard colloquy requirement."); *State v. Makalii*, 99 Hawai'i 431, 431 n. 1, 56 P.3d 733, 733 n. 1 (2002) (Ramil, J., dissenting) ("Because the case at bar raises a very important issue dealing with the statutory construction of the word 'fee[ ]' [in the prostitution statute,] I strongly feel that it is critical for this court to publish this opinion."), *reconsideration denied* (2002) (Acoba, J., dissenting) ("I ... agree with the assertion by Defendant that a decision in this case should be published, as was requested by Justice Ramil.").[4] If only for these reasons, oral argument has proven invaluable to the just resolution of cases.

However, the EOA calendar is a limited approach to oral argument and does not supplant the scheduling of regular oral argument. In recently authorizing two additional Intermediate Court of Appeals judges, the legislature observed that "oral argument has become rare." Stand. Comm. Rep. No. 1460, in 2001 House Journal, at 1495. The lack of oral argument may lead some to believe that we are an absentee court. Hawai'i Rules of Appellate Procedure (HRAP) Rule 34 governs the hearing of oral argument in the appellate courts of this state. HRAP Rule 34(a) states that "[o]ral argument *shall be had in all cases* except those in which the appellate court before which the case is pending enters an order providing for consideration of the case without oral argument." (Emphasis added.). This statement seemingly makes oral argument the rule, rather than the exception, but the opposite is true.

For example, in the historic case of *Rice v. Cayetano*, 528 U.S. 495, 516–17, 120 S.Ct. 1044, 145 L.Ed.2d 1007 (2000) (holding that a provision of the Hawai'i Constitution that governed election of trustees for Office of Hawaiian Affairs, under which voter eligibility was limited to "Hawaiians" or "native Hawaiians," violated the fifteenth amendment), the Federal District Court for the District of Hawai'i, the Ninth Circuit Court of Appeals and the United States Supreme Court all entertained oral arguments. Yet this court, arguably the tribunal most directly affected by *Rice*, did not hold oral argument in the related state case of *Office of Hawaiian Affairs v. Cayetano*, 94 Hawai'i 1, 8, 6 P.3d 799, 806 (2000) (holding that the U.S. Supreme Court decision in *Rice v. Cayetano* did not create vacancies as to the trustees who had been already voted into office).

Justice must be seen to be done. That proposition applies to all appellate courts:

[T]he principal purpose of the argument before the [United States Supreme Court] Justices is ... to communicate to the country that the Court has given each side an

---

4. In urging publication, the defendant set out what I believe is one set of conditions making it obligatory on this court to publish. The defendant argued that "the majority's order does not inform Hawai'i's citizens of what conduct is pro-

hibited, nor how to act accordingly. Moreover, since the majority's order cannot be cited or relied upon as precedent, it fails to provide the requisite guidance to police officers, judges, and juries."

open opportunity to be heard [and, t]hus[,] not only is justice done, but it is publicly seen to be done.... This consideration—that justice should always be seen to be done—is applicable to all appellate courts.

*Blair v. Harris,* 98 Hawai'i 176, 187, 45 P.3d 798, 809 (2002) (Acoba, J., concurring and dissenting in part) (citations omitted) (some brackets in original). Oral argument also produces other benefits stemming from judicial interaction with members of the Bar in a legal setting. *See id.* at 186, 45 P.3d at 808 ("A dialogue among the members of the court and counsel, which is the essence of oral argument, enlivens the written briefs, heightens our awareness of what is significant to the parties, and invigorates our analytical senses.").

However, oral argument is only possible in any case if a majority of the justices vote for it. Again, unless oral argument is supported by the good faith and commitment of the justices, whether on the EOA calendar or on a regular schedule, the function of oral argument and its contributions to the appellate process will be substantially diminished as will the public's perception of justice.