Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000480
09-NOV-2018
08:13 AM

NO. CAAP-16-0000480

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

ROBIN J. BENEDICT, Appellant-Appellant,
v.
EMPLOYEES' RETIREMENT SYSTEM, STATE OF HAWAIʻI,
Appellee-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 16-1-0024)

MEMORANDUM OPINION
(By:  Fujise, Presiding Judge, Leonard and Chan, JJ.)

Petitioner-Appellant, Robin J. Benedict (**Benedict**) appeals from the Order Granting Appellee's Motion to Dismiss Appeal Filed March 16, 2016 (**Order**), and the Final Judgment (**Judgment**) entered against her on May 26, 2016, in the Circuit Court of the Third Circuit (**Circuit Court**).[1]

Following Benedict's appeal to the Circuit Court from a denial of her application for service-connected disability retirement benefits with the Employees' Retirement System of the State of Hawaiʻi (**ERS**), the ERS filed a motion to dismiss the

---

[1]    The Honorable Glenn S. Hara presided.

appeal as untimely under Hawaii Revised Statutes (**HRS**) § 91-14(b) (2012)[2] and Hawai'i Rules of Civil Procedure (**HRCP**) Rule 72(b),[3] which the Circuit Court granted.

I.     BACKGROUND

Benedict was employed with the State of Hawai'i Department of Human Services from 1989 to 2002 as an Income Maintenance Worker III.  On January 3, 1997, Benedict was injured at work when she slipped on a wet floor while trying to maneuver the drawer of a file cabinet in her office.  In July 2012, following a number of surgeries and a worsening of her condition, Benedict applied for service-connected disability retirement benefits with the ERS.

Following a contested hearing on April 1, 2015, the Hearing Officer recommended denial of Benedict's application.

---

[2]     HRS § 91-14 provides in relevant part:

> **§ 91-14  Judicial review of contested cases.** (a) Any person aggrieved by a final decision and order in a contested case . . . is entitled to judicial review thereof under this chapter....
> (b)  Except as otherwise provided herein, proceedings for review shall be instituted in the circuit court within thirty days after the preliminary ruling or within thirty days after service of the certified copy of the final decision and order of the agency pursuant to rule of court[.]

[3]     HRCP Rule 72 provides in relevant part:

> **Rule 72. Appeal to a Circuit Court.**
> **(a)  How taken.**  Where a right of redetermination or review in a circuit court is allowed by statute, any person adversely affected by the decision, order or action of a governmental official or body other than a court, may appeal from such decision, order or action by filing a notice of appeal in the circuit court having jurisdiction of the matter.
> . . .
> (b) Time.  The notice of appeal shall be filed in the circuit court within 30 days after the person desiring to appeal is notified of the rendering or entry of the decision or order, or of the action taken, in the manner provided by statute.

2

The Board of Trustees to the ERS (**Board**) adopted the recommendation as its Proposed Decision on November 23, 2015 (**Proposed Decision**). Benedict, through counsel, received the Proposed Decision on November 25, 2015.

On January 27, 2016, Benedict filed a notice of appeal to the Circuit Court, "appeal[ing] from the Proposed Decision from the Board of Trustees of the [ERS] . . . dated November 23, 2015," and requesting that the Circuit Court reverse the Board's Proposed Decision.

On March 16, 2016, the ERS filed a motion to dismiss Benedict's appeal for lack of jurisdiction because it was untimely under HRS § 91-14(b) and HRCP Rule 72(b). Benedict opposed the motion, arguing that the Proposed Decision was not a "final" decision or order under agency rules and that, even assuming *arguendo* that the decision was final, equitable tolling, based on the "extraordinary circumstances" of a serious car accident in which Benedict was involved on December 29, 2015, permitted untimely filing.

On April 29, 2016, the Circuit Court heard argument on the motion. On May 26, 2016, the Circuit Court issued the Order, in which it granted the ERS's motion and dismissed the appeal for lack of jurisdiction as untimely. The Circuit Court found that "[Benedict] filed this appeal more than thirty days after the Board's Proposed Decision became its Final Decision" and that "[Benedict]'s claim that the jurisdictional filing deadline of [HRS § 91-14(b)] is subject to equitable tolling is not supported by the legal precedent or the circumstances cited." The Judgment

3

was filed the same day.  On June 21, 2016, Benedict filed her notice of appeal to the ICA.

II.  POINTS OF ERROR

On appeal, Benedict asserts four points of error,[4] contending that the Circuit Court erred in finding that the Proposed Decision was "final" and "by refusing to apply the doctrine of 'equitable estoppel' to toll the limitation period to file an appeal."

III. APPLICABLE STANDARD OF REVIEW

The question of whether a court has jurisdiction over a case is a question of law reviewed under the right/wrong standard.  Rivera v. Dep't of Labor and Indus. Relations, 100 Hawai'i 348, 349, 60 P.3d 298, 299 (2002) (citation omitted).

IV.  DISCUSSION

Benedict contends that the Circuit Court misinterpreted the ERS's administrative rules by allowing the Proposed Decision to "transform into a 'final decision or order' by the mere passage of time."  The ERS counters that Benedict's failure to file exceptions to the Proposed Decision rendered it "final *and appealable* fifteen days" after the date she received the Proposed Decision.[5]

---

[4]     Although Benedict styles the points of error section of her brief under four separate headings, her argument is structured in accordance with the two points of error outlined above.

[5]     The ERS also asserts that Benedict waived her right to appeal because she did not file exceptions to the Proposed Decision.  This argument is without merit.  Benedict presented evidence and argument prior to the issuance of the Proposed Decision.  The applicable rules do not require that a petitioner file exceptions to a proposed decision in order to perfect an appeal from a final decision.

4

The right to appeal from an administrative agency decision following a contested agency hearing is governed by HRS § 91-14, pursuant to which "[a]ny person aggrieved by a final decision and order in a contested case . . . is entitled to judicial review thereof under this chapter." HRS § 91-14(a). A "final order" for these purposes is "an order ending the proceedings, leaving nothing further to be accomplished. Consequently, an order is not final if the rights of a party involved remain undetermined or if the matter is retained for further action." Gealon v. Keala, 60 Haw. 513, 520, 591 P.2d 621, 626 (1979).

The ERS's regulations governing the finality of a proposed decision provide that:

> (a) Within fifteen days after receipt of a copy of the board's proposed decision, any party may file with the board exceptions to any part thereof and request review by the board.
> . . .
> (c) *If no exceptions and request for review are filed within the time specified, the proposed decision shall become final,* unless the board on its own motion orders further proceedings to be held.

Hawaiʻi Administrative Rules (**HAR**) § 6-23-19 (effective 2009) (emphasis added).

Thus, under the standard set forth in Gealon, the Board's Proposed Decision, as it was received by Benedict on November 25, 2015, was not a "final decision or order" for purposes of HRS § 91-14(a). 60 Haw. at 520, 591 P.2d at 626. Benedict's rights were not finally determined, and the Board retained the matter for potential further action, either by virtue of exceptions filed by the parties or upon its own authority for further proceedings. See HAR § 6-23-19(a) & (c).

Nonetheless, it is undisputed that Benedict did not file any exceptions or request review within the specified period and the Board did not exercise its option to retain the matter for any further action, review, or proceedings. Accordingly, we conclude that the Proposed Decision became "final" fifteen days after Benedict received the Proposed Decision, *i.e.*, on December 10, 2015. Id.; see also Chapman v. Schmidt, No. 25630, 2005 WL 1081463, *5 (Haw. May 6, 2005) (mem. op.) (recognizing that a notice of intent to revoke petitioner's insurance license "became a final agency order" upon petitioner's failure to "request a hearing in the time allotted by the Notice").

However, the period for filing an appeal from an agency decision is calculated from the date of *service* of the final decision, not the date of its finality. See HRS § 91-14(b) ("[P]roceedings for review shall be instituted in the circuit court . . . within thirty days *after service of the certified copy of the final decision and order of the agency* pursuant to rule of court.") (emphasis added); HRCP Rule 72(b) ("The notice of appeal shall be filed in the circuit court within 30 days after the person desiring to appeal *is notified of the rendering or entry of the decision or order* . . . in the manner provided by statute.") (emphasis added); see also Korean Buddhist Dae Won Sa Temple of Hawai'i, Inc. V. Zoning Bd. Of Appeals of Honolulu, 9 Haw. App. 298, 303, 837 P.2d 311, 314 (1992) (explanatory parenthetical), overruled on other grounds by Rivera, 100 Hawai'i at 352 n.7, 60 P.3d at 302 n.7 (Korean Buddhist) (addressing "the relationship between HRS § 91-14(b) and Rule 72(b)" and

concluding that "the period for filing an appeal under HRS § 91-14(b) beg[ins] on the date of mailing [of the agency's decision]"); Waikiki Marketplace Inv. Co. v. Chair of Zoning Bd. of Appeals of Honolulu, 86 Hawai'i 343, 352, 949 P.2d 183, 192 (App. 1997) (referring to the holding in Korean Buddhist); Chapman, 2005 WL 1081463 at *5 ("[The period] for filing an appeal under HRS § 91-14(b) begins when a certified copy of a final agency or order is deposited in the mail." (citing Korean Buddhist, 9 Haw. App. at 305, 837 P.2d at 314-15)).

Consequently, the deadline for an appeal in this case depends upon the date that the ERS deposited in the mail a certified copy of the final decision (or certified letter incorporating by reference the Proposed Decision as final)[6] and not the date upon which the Proposed Decision became final. We conclude, therefore, that the Circuit Court erred by dismissing Benedict's appeal as untimely on the basis that she "filed this appeal more than thirty days after the Board's Proposed Decision *became its Final Decision*[.]"

The record includes no other mailing, delivery, or service of any notification to Benedict of the finality of the Proposed Decision or of the entry of a final decision in her case. In addition, the Circuit Court did not make a factual finding regarding such a notification. Therefore, the record is

---

[6] ERS reportedly uses such a letter to notify applicants that their Proposed Decision *is now final* as no exception was received by the specific deadline." Indeed, ERS's letter to Benedict, accompanying the Proposed Decision, states that "[a]fter the specified time has passed, you will be notified whether exceptions and a request for review were filed."

insufficient for this court to determine whether Benedict timely filed her appeal.

Accordingly, we must vacate the Circuit Court's Order and remand the case to the Circuit Court to determine the date that the ERS deposited in the mail a certified copy of the final decision (or certified letter incorporating by reference the Proposed Decision as final) as that is the date on which the period for filing an appeal under HRS § 91-14(b) began to run. Based on that determination, the Circuit Court can determine whether Benedict timely filed her appeal from the agency decision.

Because we remand on this basis, we need not reach the issue of equitable tolling.

For these reasons, the Circuit Court's May 26, 2016 Order and Judgment are vacated and this case is remanded to the Circuit Court for further proceedings consistent with this Memorandum Opinion.

DATED: Honolulu, Hawai'i, November 9, 2018.

On the briefs:

Ted H.S. Hong,
for Appellant-Appellant.

Patricia Ohara,
Elmira K.L. Tsang,
Brian Aburano,
Deputy Attorneys General,
Department of the Attorney General,
for Appellee-Appellee.

Presiding Judge

Associate Judge

Associate Judge